Action for the possession of land, the right of which was denied by defendant, who alleged that the plaintiff gave him an option of purchase and wrongfully refused to comply with its terms.
The defendant held an option for the purchase of the land in question. Within the time specified the defendant wrote the plaintiff a note that he elected to take the land at the price stipulated; that he was ready to pay the sum agreed on, and requested that plaintiff make a deed at once. The plaintiff told the bearer of the note that he *Page 22 
would not sell the land and the law would not compel him to do so. There was no money shown or counted out. The defendant testified that he was ready that day to pay the money and had kept ever since the full amount in bank and had been at all times ready and able to pay the purchase money.
His Honor, being of opinion that there had not been a sufficient tender, instructed the jury to answer the issues, as in the record, in favor of the plaintiff. This was error. When the defendant notified the plaintiff he had made his election, was prepared to pay for the land and demanded a deed, it was incumbent on the plaintiff to prepare, and tender the deed. It was not necessary that the plaintiff should then and there offer the money, as it was not payable except in exchange for the deed. If, as is not contradicted, the defendant was in fact able to make the payment at that time, and in good faith demanded the deed, it was not incumbent on him then to show or count out the money, nor was it incumbent on him to do a vain thing by offering the money after the plaintiff refused to make the deed.Hughes v. Knott, 138 N.C. 105.
New trial.
Cited: Gallimore v. Grubbs, 156 N.C. 577.
(23)