J. A. GALLIMORE v. HENRY K. GRUBB AND A. J. BECK.

(Filed 15 November, 1911.)

1. **Deeds and Conveyances—Contracts to Convey—Deed in Escrow —Purchase Money—Payment—Evidence—Questions for Jury.**

   A suit upon a contract to convey lands, with a deed placed in escrow to be delivered upon the payment of the balance of the purchase price, with conflicting evidence upon a point at issue as to whether the deed was to be inoperative if the purchase money was not paid in full within a certain time, presents a question for the jury.

2. **Issues Submitted—Issues Tendered—Appeal and Error.**

   There is no reversible error in refusing proper issues tendered when those submitted by the trial judge were sufficient to enable the parties to present every phase of the controversy.

3. **Deeds and Conveyances—Contracts to Convey—Encumbrances— Title—Pleadings—Evidence.**

   In an action brought to enforce a contract to convey lands, presenting an issue as to whether the plaintiff offered to pay the balance of the purchase money if the defendant would clear the property of liens, which he was obligated to do, it is competent for the plaintiff to put in evidence the complaint as well as the answer, when the relevant parts of the answer otherwise would not have been clear.

4. **Deeds and Conveyances—Contracts to Convey—Purchase Money —Tender—Waiver.**

   The refusal by defendant of plaintiff's offer to pay the balance of the purchase money for lands which the former contracted to convey is a waiver of a formal tender thereof.

5. **Deeds and Conveyances—Contract to Convey—Clear Title—Absence of Warranty—Purchase Money—Encumbrances—Equity —Judgment.**

   An agreement made by the vendee of lands to take a deed without warranty is not a waiver of his right to demand a clear

title, and he is not required to take the land with liens thereoh, but may insist upon their cancellation before he pays the purchase money and takes the deed; and where their payment can be made and the liens discharged, the courts may direct the payment of a sufficient part of the purchase money to the holders of the encumbrances, though they are not parties to the suit; or may authorize the vendee to pay them off on the failure of the vendor to remove them, and reimburse himself out of his deferred payment of the purchase price.

APPEAL by defendants from *Lyon, J.,* at June Term, 1911, of DAVIDSON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*E. E. Raper for plaintiff.*
*Walser & Walser and Thomas J. Shaw for defendants.*

CLARK, C. J. On 3 January, 1910, the defendant sold and contracted in writing to convey the land in controversy to plaintiff for $2,500; $50 was paid in cash. On the same day defendant and wife executed a deed for the property duly signed and acknowledged, and delivered same to one Beck to hold till the purchase money was paid in full and then to be delivered to the plaintiff. This deed was in fee simple, with the usual covenants and warranty. On 6 January plaintiff paid Grubb $1,200 more on the purchase price and arranged to borrow the balance of the money. He repaired the house with his own lumber about 12 January, and 15 January, with consent of Grubb, moved upon the land. Grubb had represented the land to be clear of encumbrances. Plaintiff learning that there was a mortgage for $100 on the land and a judgment·in favor of the United States for $250 penalty, interest, and cost, called Grubb's attention to the liens, who admitted the mortgage, but said it was not due, and he would pay it off when it fell due, and claimed that the judgment had been settled. Plaintiff offered to pay the balance of the price for the land, but wanted the liens satisfied and the title cleared, or proposed to pay the price less the liens. The defendant refused to clear the title of these liens or to accept the price less the amount of the liens, and

insisted upon plaintiff paying the price in full. In the latter part of February Grubb demanded back and obtained from Beck the deed he had deposited with him. On 10 March plaintiff brought this action to enforce specific performance of the contract, offering to pay balance of money as above. Grubb offered to pay back the money which had been paid, which plaintiff refused to accept. '

Grubb contended that the deed had been deposited with an agreement that the purchase money should be paid in full in a week or ten days, and, if it was not done, that the contract would be canceled. This the plaintiff denied, and the jury found that issue in favor of the plaintiff.

The defendant tendered certain issues which the court declined, and submitted those in the record. The issues submitted were sufficient to enable the parties to present every phase of the controversy. When such is the case, as this Court has repeatedly held, the parties have no ground to complain. *Pretzfelder v. Insurance Co.,* 123 N. C., 165; *Tuttle v. Tuttle,* 146 N. C., 487. On examination of the issues, we do not see that the defendant has been deprived of presenting any contention of his as to the facts.

The exceptions to the charge are not well taken. The case turned almost entirely upon the disputed facts, and were fully answered by the jury in favor of the plaintiff.

The defendant also excepted because the judge allowed the complaint to be put in evidence. The court allowed the complaint and answer to be put in evidence, but solely for the purpose of showing that the plaintiff had offered to pay the balance of the purchase money if the defendant would clear the property of the liens and the admissions in the answer, which would not have been clear unless the complaint was also put in evidence.

It was not necessary to present the money, when defendant stated he would not take the plaintiff's offer to pay it. This was a waiver of any formal tender. *Hughes v. Knotl,* 138 N. C., 105; *Phelps v. Davenport,* 151 N. C., 22.

The jury find that Grubb agreed to convey said land free from encumbrances. But if he had not, the law is thus stated

in *Leach v. Johnson*, 114 N. C., 88: "Unless the vendee has otherwise agreed, it is his undoubted right to demand a clear title. 1 War. Vendors, 315. That the vendee agreed to take a deed without warranty is not a waiver of the right to demand a clear title; on the contrary, the fact that a warranty in the conveyance is waived is all the stronger reason why the vendee should insist upon the cancellation of all liens and encumbrances, since he will have no warranty to fall back upon if the title should prove to be defective. The vendée in such case is not cut off from his rights till he has paid the purchase money and taken the deed."

As to the form of the judgment, "In a suit either by vendor or vendee, where the encumbrances can be discharged by mere payment thereof, and are not larger in amount than the purchase money due, the court in its decree may direct the payment of a sufficient part of the purchase money for the purpose to the holders of the encumbrances instead of the vendor, even though such holders are not before the court; or the court may authorize the vendee to remove the lien on failure of the vendor to remove it, and to reimburse himself out of his deferred payments of the purchase price." 36 Cyc., 745 (4).

No error.