CAROLINA TIMBER COMPANY v. G. D. BRYAN, ADMINISTRATOR, ET ALS.

(Filed 29 March, 1916.)

For digest, see next preceding case.

CIVIL ACTION, heard on case agreed before *Connor, J.,* December, 1915, of SAMPSON.

The case presented was a contest between the administrator and the heirs at law of J. S. Johnston, the latter being represented by J. B. Highsmith, guardian, as to the right to $36.60, tendered in accordance with the provision of a timber deed to secure an extension of time, etc.

There was judgment in favor of the personal representative, and the guardian excepted and appealed.

*Stevens & Beasley for plaintiff.*
*H. D. Williams for defendant.*

HOKE, J. The relevant facts in this case are similar to those presented in *Lumber Co. v. Wells and Page,* just decided, except that here the grantor died and the time originally provided for removing the timber and for which he had been paid having expired, the grantees

tendered the money due for an extension, and same is claimed by the administrator and the heirs at law.

In accordance with our decision in the case of *Lumber Co. v. Wells,* we must hold that the right to this fund is in the heirs. The title having descended to them, it is from their estate that the interest arises, and they are entitled to receive the purchase price. We are not inadvertent to the language of the stipulation, that the price for an extension is to be paid to J. S. Johnston and his personal representative, or to the argument advanced that Johnston being the absolute and entire owner, at the date of the original deed, he could make such contract as to the payment of the purchase money for the interest conveyed as he saw proper. Assuredly he could, and if he had conveyed the timber for the additional period, the stipulation would hold, in strictness, as written; but, as we have endeavored to show, this provision in the deed for an extension of the time was an option, an offer to confer the right which matured only at the time the conditions were complied with. The property was then owned by the heirs, and the price to be paid for the interest then arising out of their ownership must, in our opinion, inure to them.

True, J. S. Johnston might have sold to the grantee for this additional five years, and the purchase price would have gone as he contracted; but, as stated, he only conferred upon the grantee the right to buy, and this being exercised after the land descended upon the heirs, the price must be paid to them.

There is error.