CAROLINA TIMBER COMPANY v. R. A. WELLS AND C. B. PAGE.

(Filed 29 March, 1916.)

**1. Deeds and Conveyances—Timber—Defeasible Title.**

The laws of devolution and transfer applicable to realty apply to timber standing and growing thereon, and conveyances of such timber, as ordinarily drawn, convey an estate of absolute ownership in fee, defeasible as to all timber not cut and removed within the specified period.

**2. Same—Extension Period—Options—Title—Reversion.**

A stipulation in a deed conveying timber standing and growing upon lands, that at the expiration of the period in which the timber shall be cut and removed the grantee shall acquire a further period for the purpose upon paying a stipulated or ascertainable price, is in the nature of an option; and contracts of this character do not of themselves create any interest in the property, but only amount to an offer to create or convey such an interest when the conditions are performed, and working a forfeiture when not complied with.

**3. Same—Original Owner of Lands—Subsequent Grantee.**

Where the owner of lands conveys the timber standing and growing thereon, with provision that the time for cutting and removing it will be extended upon payment of a certain sum, and the grantee of the timber avails himself of this right in accordance with his deed, but after the grantor has conveyed the land itself to another, the grantee of the land is entitled to the sum of money paid by the grantee of the timber for the extension of the period of time given for cutting and removing it.

**4. Deeds and Conveyances—Timber—Extension—Title—Leases—Statutes.**

An option or privilege in a timber deed for an extension of the time for cutting and removing it is a contract attendant upon the title.

**5. Deeds and Conveyances—Timber—Extension Period—Consideration—Equitable Remedies—Jurisdiction.**

Where the grantee of timber, in the exercise of his option, under his deed, pays the agreed sum for an extension period for cutting and removing the timber, but after the owner of the lands had conveyed the same to another, and the controversy is to ascertain whether the original owner of the lands or his grantee thereof is entitled to receive the sum so paid, the action is in the nature of a bill of interpleader to determine the rights of two adverse claimants to a fund, enforcible in equity, and properly brought in the Superior Court.

**6. Deeds and Conveyances — Timber — Extension Period — Options — Title — Devolution and Transfer—Executors and Administrators.**

An option to extend the period of time for cutting timber takes effect only when its terms are complied with by the optionee; and where such is done after the death of the grantor, the price so paid goes to the heirs at law, the then owners of the title, and not to the personal representatives of the deceased owner, though in his deed it was provided that the price be paid to himself or his personal representative. It would be otherwise had he conveyed the timber for the additional period.

(NOTE.—*Timber Co. v. Bryan.* See case next following.)

CONTROVERSY submitted without action upon case agreed, and heard in DUPLIN Superior Court on 26 February, 1916, before *Bond, J.,* holding the courts of the Sixth Judicial District. From the facts agreed upon, it appears that on 25 April, 1906, R. A. Wells, then owning a tract of land, for valuable consideration in hand paid, to wit, $450, conveyed to the Cumberland Lumber Company the timber on said land of specified dimensions, with the right to cut and remove the same at any time within ten years from the date of the conveyance. The instrument contained also the stipulation that the grantee, his assigns and successors, should have additional time to cut and remove, etc., not exceeding five years, paying therefor annually, within ninety days from 25 April, 1916, of the years following and respectively, to R. A. Wells or his personal representatives, a sum equal to the interest on the purchase price; that on 26 March, 1907, said R. A. Wells sold and conveyed said land in fee simple to his codefendant, C. B. Page, who now holds same under said deed; that the title, rights and interests of the Cumberland Lumber Company under said conveyance have been acquired and are now owned by plaintiff; that the timber on said land has never been cut, and plaintiff, the Carolina Timber Company, has determined to ask for an extension of time for one year from 25 April within which to cut and remove the timber, and has so notified both R. A. Wells and C. B. Page of its purpose, and within the specified

time has tendered the amount due as per contract; that the entire amount of $27 is claimed by each of the defendants, and they have so notified plaintiff.

Upon these facts the court being of opinion that the entire amount was due and owing to C. B. Page, so entered its judgment, and defendant R. A. Wells excepted and appealed.

*Stevens & Beasley for plaintiff.*
*H. D. Williams for defendant.*

HOKE, J., after stating the case: Our decisions hold that standing timber is realty, subject to the laws of devolution and transfer applicable to that kind of property, and that timber deeds of this character, as ordinarily drawn, convey an estate of absolute ownership, defeasible as to all timber not cut and removed within the specified period. *Williams v. Parsons,* 167 N. C., 529; *Midyette v. Grubbs,* 145 N. C., 85; *Lumber Co. v. Corey,* 140 N. C., 467.

The cases on the subject are to the effect, further, that a stipulation of the kind now presented, providing for an extension of the time within which the timber must be cut, is in the nature of an option, and it is held by the great weight of authority that contracts of this character do not of themselves create any interest in the property, but only amount to an offer to create or convey such an interest when the conditions are performed and working a forfeiture when not strictly complied with. *Waterman v. Banks,* 144 U. S., 394; *Hacher v. Weston,* 197 Mass., 143; *Gaston v. School District,* 94 Mich., 502; *Newton v. Newton,* 11 R. I., 390; *Bostwick v. Hess,* 80 Ill., 138.

Our own decisions are in general approval of these principles: *Ward v. Albertson,* 165 N. C., 218; *Winders v. Kenan,* 161 N. C., 628; *Bateman v. Lumber Co.,* 154 N. C., 248; *Hornthal v. Howcott,* 154 N. C., 228; and from this it follows that where the time first provided in one of these timber deeds and paid for has passed, and it becomes necessary for the grantee to hold by reason of the performance of the stipulation for an extension, that the estate or interest arises at the time the conditions are complied with, and, in the absence of any provision in his deed to the contrary, the price paid belongs to him who then has the title and from whose ownership the interest is then created. The option or privilege obtained, to the extent of the right conferred, is a contract attendant upon the title, and, as stated, unless otherwise specified in the deed conveying the title, the price for the interest arising on proper performance of the conditions will inure to the owner. It is from his estate that the interest passes, and he must receive the purchase price.

It was urged on the argument that the judgment could be upheld on the principle that gives the owner of the reversion the right to receive

the rental accruing after title descended, both under the principles of the common law and of our statute applicable to the question. *Holly v. Holly,* 94 N. C., 670; *Rogers v. McKenzie,* 65 N. C., 218; Revisal 1905, sec. 1989. Neither the decisions nor the statute are directly authoritative, for the reason that we have held that the interest here conveyed is not a leasehold interest, but an estate in fee. There is, therefore, an absence of the tenure required to constitute rent. *Hawkins v. Lumber Co.,* 139 N. C., 160; *Bunch v. Lumber Co.,* 134 N. C., 116.

The position, however, affords a strong analogy in support of our construction of the contract and its effect upon the rights of the parties. It is suggested that the actual amount in controversy being only $27, the Superior Court is without original jurisdiction to determine it. The controversy, however, involves an action in the nature of a bill of interpleader to determine the rights of two adverse claimants to a fund, and being an exercise of the powers of the court enforcible by bill in equity under the old system, the Superior Court properly assumed jurisdiction to hear and determine the matter. *Fidelity Co. v. Jordan,* 134 N. C., 236; *Berry v. Henderson,* 102 N. C., 525; *Fisher v. Webb,* 84 N. C., 44. There is no error, and the judgment of the court below is

Affirmed.