LOUIS W. MIZELL v. THE DENNIS SIMMONS LUMBER COMPANY.

(Filed 19 September, 1917.)

**Options—Death of Optionor—Deeds and Conveyances—Statutes—Executors and Administrators.**

> Where the optionor under contract to convey land or timber thereon dies within the time granted for the optionee to exercise his right to purchase thereunder and before he has done so, the title descends to the heirs at law or the devisee of the optionor; and where the optionee, after the death of the optionor and within the time prescribed, desires to exercise his right to purchase, he must make the proper offer to comply with the conditions of his option to the heirs at law of the optionor, or his devisee in case of a will, and a deed made by the administrator, or executor, without power delegated by the will does not fall within the provisions of Revisal, sec. 83, the statute contemplating conveyances of a bilateral nature, where both parties are bound to its performance by its terms.

CIVIL ACTION tried before *Whedbee, J.,* at March Term, 1917, of MARTIN.

A jury trial being waived, the court found the following facts:

1. That on 21 and 13 November and December, 1912, respectively, Jesse Mizell, the then owner of the land in controversy, and his wife, Winnie Mizell, in consideration of one dollar each, as therein specified, for the paper-writings hereinafter referred to, executed and delivered to the defendant company two options, thereby giving to said company the right and privilege of purchasing, within the period of ninety days, certain timbers and other easements on said land, for a period of ten years from the dates thereof, by paying the amounts of money therein mentioned.

2. That on said afore-mentioned dates said options were duly acknowl-edged and proven by said grantors before a notary public.

3. That thereafter and within the period of ninety days, said Jesse Mizell died, leaving a last will and testament, which has been duly ad-mitted to probate, the defendant company not having theretofore elected to purchase under said options.

4. That after the death of said Jesse Mizell and within the period of ninety days, said options were duly admitted to registration.

5. That thereafter and within the period of ninety days, said Winnie Mizell duly qualified as administratrix, C. T. A., upon the estate of her said husband; and upon the payment of said purchase money, executed and delivered to the defendant company a deed conveying the timber and other privileges set out and described in the aforesaid options.

6. That the last will and testament of the said Jesse Mizell contained no power or authority for said conveyance.

7. That under and by virtue of one item of said will, the plaintiff became the devisee in fee simple of one of the tracts of land described in the said options, and upon which a goodly portion of the timber was situate.

8. That plaintiff, claiming to be the owner of the timber on the tract devised to him, by virtue of the fact that there was no authority under said will for said conveyance and the said company had failed to exer-cise its rights thereunder prior to the death of said Jesse Mizell, has obtained a restraining order, thereby preventing said defendant com-pany from cutting and removing the timber in accordance with the pro-visions of said deed.

9. That defendant insists said deed was legally and properly executed under and by virtue of the provisions contained in section 83 of the Revisal.

Upon these findings the court adjudged that plaintiff was not entitled to an injunction to the final hearing to prevent the cutting of the timber, and dissolved the restraining order. Plaintiff appealed.

*Daniel & Warren for plaintiff.*
*Wheeler Martin and Harry W. Stubbs for defendant.*

BROWN, J.   At common law, when a vendor of land contracted for a valuable consideration to sell it and entered into a bond to execute title and died before doing so, his heirs at law, or his devisee of the land, were the proper persons upon whom the vendee must call for a conveyance.   In a suit in equity to compel such conveyance, the heirs or devisee were necessary parties.

To expedite and simplify the completion of such contracts, the following statute was enacted:   "That when any deceased person shall have *bona fide* sold any lands and shall have given a bond or other written contract to the purchaser to convey the same, and the bond or other written contract hath been duly proved and registered in the county where the lands are situated . . . his executor, administrator or collector may execute a deed to the purchaser conveying such estate as shall be specified in the bond or other written contract; and such deed shall convey the title as fully as if it had been executed by the deceased obligor: *Provided,* that no deed shall be made but upon payment of the price, if this be the condition of the bond or other written contract." Rev., sec. 83.

According to the findings of fact, the defendant had never closed the contract by exercising the option and buying the land during the testator's lifetime.   Had this been done, then we think, under the terms of the statute, the administrator would have had the undoubted right to receive the purchase money and execute the deed.   But in our opinion, an option is not such a contract as is contemplated by the statute, for that evidently refers to a contract binding on both parties to it at the death of the owner of the land.   An open option is not such contract, but merely a right acquired by contract to accept or reject a present offer within a limited or reasonable time.

As said by *Mr. Justice Connor* in *Trogden v. Williams,* 144 N. C., 199 :   "There is a marked and well-defined distinction between a contract in which both parties are bound to sell and convey land, postponing the delivery of the deed and payment of the purchase money until some fixed day, even when made dependent upon some condition, and a mere promise on the part of the promisor to permit the promisee to elect at the end of a fixed day whether he will at that time enter into a contract of purchase.   The relative rights and obligations are entirely different and are governed by different principles."

Therefore, it is held that a power under a will given to executors to sell land and enter into a mutual contract to sell with the purchaser

does not confer upon the executors the power to give an option to pur-case the land. *Trogden v. Williams, supra.*

In *Winders v. Kenan,* 161 N. C., 633, *Mr. Justice Allen* very clearly points out the difference between an option and the usual closed contract to sell land in these words: "It (an option) is a contract to give another the right to buy and not a contract to sell; and it is because of the fact that the other party is not compelled to buy that it is spoken of as an option."

In case of the option not being exercised during the life of the owner, the land descends to his heirs; and if the option is unexpired and based upon a valuable consideration, the holder of the option must make the demand upon the heirs or devisee and tender the option price to them and not to the administrator or executor, who has no right to receive it.

This question is practically settled by this Court in *Timber Co. v. Wells,* 171 N. C., 264, where *Mr. Justice Hoke* says: "The cases on the subject are to the effect, further, that a stipulation of the kind now presented, providing for an extension of the time within which the tim-ber must be cut, is in the nature of an option, and it is held by the great weight of authority that contracts of this character do not of them-selves create any interest in the property, but only amount to an offer to create or convey such an interest when the conditions are performed, and working a forfeiture when not strictly complied with. *Waterman v. Banks,* 144 U. S., 394; *Hacker v. Weston,* 197 Mass., 143; *Gaston v. School District,* 94 Mich., 502; *Newton v. Newton,* 11 R. I., 390; *Bost-wick v. Hess,* 80 Ill., 138.

"Our own decisions are in general approval of these principles. *Ward v. Albertson,* 165 N. C., 218; *Winders v. Kenan,* 161 N. C., 628; *Bate-man v. Lumber Co.,* 154 N. C., 248; *Hornthal v. Howcott,* 154 N. C., 228; and from this it follows that where the time first provided in one of these timber deeds and paid for has passed, and it becomes necessary for the grantee to hold by reason of the performance of the stipulation for an extension, that the estate or interest arises at the time the condi-tions are complied with, and, in the absence of any provision in his deed to the contrary, the price paid belongs to him who then has the title and from whose ownership the interest is then created. The option or privi-lege obtained, to the extent of the right conferred, is a contract attend-ant upon the title, and, as stated, unless otherwise specified in the deed conveying the title, the price for the interest arising on proper perform-ance of the conditions will inure to the owner. It is from his estate that the interest passes, and he must receive the purchase price."

The same point is presented in *Timber Co. v. Bryan,* 171 N. C., 266, where the same learned Judge said: "In accordance with our decisions in the case of *Lumber Co. v. Wells,* we must hold that the right to this

fund is in the heirs. The title having descended to them, it is from their estate that the interest arises and they are entitled to receive the purchase price." And again: "This provision in the deed for an extension of the time was an option, an offer to confer the right which matured only at the time the conditions were complied with. The property was then owned by the heirs, and the price to be paid for the interest then arising out of their ownership must, in our opinion, inure to them."

We think that it necessarily follows from these decisions that when Jesse Mizell died, the defendant should have notified the plaintiff, the devisee of the optioned land, of its acceptance of the option and should have tendered the purchase money to him and demanded a deed.

Plaintiff is entitled to an injunction and to a final judgment upon the facts stated.

Reversed.