### 9832

#### FAIRFIELD TIMBER CO. v. SIMMONS *ET AL.*

##### (94 S. E. 491.)

LOGS AND LOGGING—TIMBER LEASES—RIGHT TO RENT.—The grantor conveyed timber rights of a plantation and on the same day mortgaged the plantation to the same party without mentioning the timber deed. The timber deed provided that the grantee should have 10 years to cut and remove the timber, and on expiration of that period a 10-year extension providing he paid interest on the original price at 6 per cent. and that all the covenants should be binding on the heirs, executors, etc., of the parties and that all benefits should accrue to the party's respective heirs, executors, administrators, or assigns. The deed did not state to whom the money arising from the renewal should be paid. The grantee assigned his timber rights to plaintiff, and assigned the mortgage to another who foreclosed it, the decree excepting certain timber rights subject to the above deed. Defendant purchased the land on the foreclosure before renewal of the contract. *Held,* that the renewal moneys belonged to defendant.

Before GARY, J., St. George, December, 1916.    Reversed.

Action by the Fairfield Timber Company, a corporation, against James S. Simmons and others.    Judgment for plaintiff, and Simmons appeals.

*Messrs. Buist & Buist, Smythe & Visanska* and *L. D. Lide,* for appellant, cite: *As to nature of estate in grantee created by timber deed:* 45 S. C. 621; 46 S. C. L. 314; 80 S. C. 106; 89 S. C. 328; 90 S. C. 176; 98 S. C. 8; 95 S. C. 352; 96 S. C. 53; 214 Fed. 424; 93 S. C. 13; 97 S. C. 247. *Right of landowner at time of the extension:* 1 Speers 32. *Burden on landowner:* 98 S. C. 8, 23.    *Nature of agreement for extension:* 88 S. E. 327; 71 S. C. 64; 97 S. C. 247, 249; 102 S. C. 289, 294.    *Effect of judicial sales:* 91 S. E. 796; 3 S. C. 338; 44 S. C. L. 395; 46 S. C. 273; 72 S. C. 421; 32

S. E. 1000; 36 S. C. 27; 37 S. C. 309; 16 S. C. 64; 29 N. J. Eq. 516; 29 S. E. 1027; 27 Cyc. 1720, 1721, 1723, 1727, 1745; 41 S. C. 201; 27 Cyc. 1744; 19 S. C. 337; 4 McC. 246; 8 Rich. 267; 1 Mills 325; 71 S. C. 87. *Effect of the foreclosure decree:* 27 Cyc. 1788; 24 Cyc. 61.

*Messrs. Von Kolnitz & Von Kolnitz* and *T. R. Tighe,* for respondent.

December 5, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action to determine the ownership of a fund, arising from the renewal of a contract, granting the right to cut the timber on a certain tract of land. The facts in the case are substantially as follows:

Edward Lotz owned a plantation in Dorchester county. On the 24th of February, 1906, he executed to E. C. Benedict a conveyance of the timber thereon. On the same day he executed a mortgage on said plantation in favor of E. C. Benedict, but made no mention of the timber deed. Benedict assigned his timber rights to plaintiff, and assigned the mortgage to one Lloyd. Lloyd foreclosed the mortgage, and the decree ordered the sale of the land, "saving and excepting certain timber rights covered by and subject to the provisions of a certain deed from Edward Lotz to E. C. Benedict, dated February 24, 1906, and recorded in the office of the clerk of the Court." The land was purchased by the defendant, James S. Simmons, "before the contract was renewed."

It was stated in the decree of foreclosure that the deed conveying the timber was executed prior to the mortgage. Lotz died during the pendency of the action for foreclosure, and his heirs and executors substituted as parties defendant. All persons having an interest in the land were made parties to said proceedings.

The deed conveying the timber to Benedict contains the following provisions:

"That the said second party, his heirs, executors, administrators and assigns shall have, and the same is hereby granted to him or them, the period of ten (10) years, beginning from the date hereof, in which to cut and remove the said timber from the said lands, and that in case the said timber is not cut and removed before the expiration of said period, then that the said second party, his heirs, executors, administrators or assigns, shall have ten years additional time to cut and remove said timber, but, in the last mentioned event the said second party, his heirs, executors, administrators or assigns, shall, during the extended period, pay interest on the original purchase price above mentioned, year by year, in advance, at the rate of six per cent. per annum. * * * All the covenants, stipulations and agreements herein assumed or undertaken by either party to this contract, shall be binding upon their respective heirs, executors, administrators or assigns, and all benefits and advantages herein provided for either of the said parties, *shall accrue to their respective heirs, executors, administrators or assigns, as the case may be.*"   (Italics added.)

The deed did not mention to whom the money arising from the renewal of the timber contract should be paid. The money in dispute is claimed by the defendant, Simmons, also by the representatives of Lotz.   The plaintiff paid the money into Court, and brought this action to determine the question of ownership, as between said parties.   The special master, to whom the issues were referred, reported in favor of Simmons, but on appeal his Honor, the Circuit Judge, reversed the matter, and ruled that the money should be paid to the estate of Lotz.   The appeal herein submits that such ruling is erroneous.

His Honor assigned the following reasons for his conclusions:

"The defendant, Simmons, who is claiming the amount in question, occupies the position of one who has acquired rights in the land, after the right to remove the timber from the land in either 10 or 20 years had been granted to another by one who had the right to make such grant. If this view is the correct one, then it is clear that the deferred payment is as much a part of the purchase price of the right conferred by Edward Lotz as is the cash payment. It inevitably follows that Lotz's estate is entitled to the deferred or conditional portion of the purchase price of the right to remove the timber."

The time during which the plaintiff is allowed to cut the timber, and the amount of compensation for the use of the land are definite and certain, and the further fact that the compensation for the use of the land is payable yearly shows that the transaction is in the nature of a lease.

In *Moore v. Turpin & Powers,* 28 S. C. L. (1 Speers 33, 40 Am. Dec. 589, it was held that the tenant of a landlord whose interest has been sold by the sheriff is not bound to pay to his lessor rent accruing after the sale. The Court said:

"The general question of the case is, What did the coroner transfer to Dr. Irvine in selling him the land of Henning? The answer is, he transferred the land, with all the rights annexed to it, according to the title of Henning; and to the same extent as if Henning had, himself, given a release and quitclaim of all his right and title to the purchaser and his heirs. Such a release would, of course, transfer the use of the land, personally, or by the means of tenants, according to the rules and meaning of estates in land. But it is supposed that, as Henning had, before the sale, leased the land to Turpin & Powers, the rent is still due to Henning for the term of the lease—that is, for the space of 11 months after the coroner's release to Dr. Irvine. The right of Turpin & Powers to keep possession for the term of their lease cannot be questioned. All property is sold

by the sheriff or coroner subject to the rights of strangers. The defendant alone loses his dominion over it, because that is transferred to the purchaser, and, *cum onere* assuredly. But the plaintiff's case assumes that Turpin & Powers may not only keep possession, but must pay their rent to their former landlord, Henning; first, because they had rented the land of him, and, second, because the rent had been growing due to Henning for a month before the sale to Irvine, and, therefore, the Court cannot apportion the rent of the subsequent 11 months to Irvine."

The Court then proceeded to show that the propositions for which the plaintiff in that case contended were not tenable, on the ground that rent passes as an incident to the purchaser of the reversion.

In the case of *Snyder v. Riley,* 28 S. C. L. (1 Speers 272), 40 Am. Dec. 602, the Court ruled that where the tenant of a landlord whose interest has been sold by the sheriff afterwards, with notice of that fact, paid the whole year's rent to his original landlord, the purchaser was entitled to recover from the tenant the proportion of the rent which accrued after the purchase; that it has been usual to allow to the purchaser his proportion of the rent, measured from the time of his purchase. In the case now under consideration, there is no question as to proportion of rent, as the entire amount in dispute accrued after Simmons became the purchaser of the land.

In construing a similar deed the Court, in *Carolina Timber Co. v. Wells,* 171 N. C. 262, 88 S. E. 327, stated the following, which is another reason why the judgment must be reversed:

"Where in one of these timber deeds the time first provided and paid for has passed, and it becomes necessary for the grantee to hold, by reason of the performance of the stipulation for an extension, that the estate or interest arises at the time the conditions are complied with, and, in the absence of any provision in his deed to the contrary, the price

paid belongs to him who then has the title, and from whose ownership the interest is then created. The option or privilege obtained, to the extent of the right conferred, is a contract attendant upon the title, and, as stated, unless otherwise specified in the deed conveying the title, the price for the interest arising on proper performance of the conditions will inure to the owner. It is from his estate that the interest passes, and he must receive the purchase price."

It cannot be successfully contended that the provision in the decree to the effect that the land was to be sold subject to the rights of the plaintiff was intended to benefit Lotz or his estate. It is merely for the purpose of making plain that the sale was not to affect the rights of the plaintiff.

There is still another reason why the judgment should be reversed. It was clearly intended by the deed that whoever should become the purchaser of the land would be entitled to those rights incidental to the land after the sale thereof, otherwise the provision hereinbefore quoted, as to all the covenants, stipulations and agreements, etc., would be without force and effect.

Judgment reversed.