MUNGER & BENNETT, INCORPORATED, v. EAST CAROLINA LUMBER CO.

(Filed 17 March, 1926.)

**Deeds and Conveyances—Timber Deeds—Contracts—Unilateral and Bilateral Contracts—Options—Consideration—Purchasers.**

The extension period contained in a deed to timber growing upon lands are options or unilateral contracts, and requires the payment of the consideration within the period stated in the deed to make them executed bilateral contracts, and is payable to the purchaser of the lands under a deed with covenants and warranty of title registered prior to the time the vendee has exercised his option of purchase. *Timber Co. v. Bryan,* 171 N. C., 265; *Timber Co. v. Wells,* 171 N. C., 264, cited and applied.

APPEAL by defendant from *Bond, J.,* at November Term, 1925, of CRAVEN.

Civil action to recover of defendant compensation for use of right of way and log landing as per stipulation in extension provision of deed. The case was heard on facts agreed, and from a judgment in favor of plaintiff, the defendant appeals.

*Thos. D. Warren for plaintiff.*
*R. E. Whitehurst for defendant.*

STACY, C. J. There being no controversy between the parties as to the essential facts, a jury trial was waived and the cause submitted to the court for determination on the following facts agreed:

1. On 18 November, 1912, E. R. Phillips and wife, in consideration of $1,000, gave to the defendant properly executed deed for a right of way and log landing on their lands in Pamlico County, for a term of ten years which said deed was duly registered on 25 November, 1912, and contains the following extension clause:

"And it is expressly understood and agreed between the parties hereto that the party of the second part shall have the right to extend the time herein granted for the use and occupation of the right of way and land herein described for the further additional term of ten years after the expiration of the first period of ten years herein conveyed, at any time it may desire to do so during the continuance of lease agreement by giving notice to the parties of the first part of such purpose to so extend said period for the additional period of ten years from and after the expiration of the ten years herein conveyed, by the payment to the parties of the first part by the party of the second part of the same amount of money as is herein specified as the consideration of the first period of time."

2. On 9 September, 1915, the said E. R. Phillips and wife conveyed to the plaintiff, Munger & Bennett, Inc., by proper warranty deed, for a valuable consideration, the same lands described in deed from E. R. Phillips and wife to defendant, East Carolina Lumber Company, which said deed to plaintiff was duly registered 9 November, 1915, and contains the following covenants and warranties:

"The said Phillips and wife covenant that they are seized of said premises in fee and have a right to convey in fee simple, that the same are free and clear from all encumbrances; and that they will warrant and defend the said title to the same against the lawful claims of all persons whomsoever."

3. On 8 November, 1922, the East Carolina Lumber Company paid to E. R. Phillips the sum of $1,000 for the extension of ten years above mentioned, and the defendant is now using said right of way and log landing under a claim of right by reason of the terms of said extension provision.

4. This action was instituted 15 October, 1924, after a refusal on the part of the defendant to pay the plaintiff the said extension money.

On these, the facts chiefly pertinent, judgment was rendered in favor of the plaintiff, which must be upheld on authority of *Timber Co. v. Bryan,* 171 N. C., 265, and *Timber Co. v. Wells, ibid.,* 264.

The decisions on the subject are to the effect that these extension provisions, of the kind here presented, are in the nature of options, or unilateral executory contracts subject to be converted into bilateral executed contracts only upon compliance with the terms stated therein, and that the estates or interests resulting therefrom arise at the time the conditions are complied with and the options exercised. Hence, nothing else appearing, the prices to be paid for said extension rights belong to those who own the property at the time the options are exercised, and from whose estates the interests then arising necessarily pass. *Dill v. Reynolds,* 186 N. C., 293.

Affirmed.