### ADELL CARR ET AL. v. E. S. PARSONS.

(Filed 2 May, 1934.)

**Deeds and Conveyances F b—Benefits arising from exercise of option in timber deed for renewal period held to inure to grantee of fee.**

> The timber deed in this case provided that at the expiration of the time stipulated therein for the cutting of the timber the grantee might renew the right to cut timber for a stipulated renewal period by paying taxes from year to year within the renewal period on that portion of the land upon which he exercised the option. Thereafter the grantor in the timber deed conveyed the fee to another subject to the rights of the grantee in the timber deed: *Held,* under *Bateman v. Lumber Co.,* 154 N. C., 248, the right arising upon the exercise of the option inures to the benefit of the owner of the fee at the time the option is sought to be exercised, and the right under the option can be acquired only by notice and payment to the then owner of the fee.

APPEAL by defendant from *Frizzelle, J.,* at January Term, 1934, of DUPLIN.

Civil action to restrain defendant from entering upon lands, cutting and removing timber therefrom, under extension provision in deed.

The case was heard on an agreed statement of facts which may be abridged and stated as follows:

1. On 14 January, 1927, E. R. Penny and wife conveyed to E. S. Parsons all the timber of every kind and description on 375 acres in Goshen Swamp, Duplin County, by deed duly registered, which contains the following stipulation:

"It is understood and agreed that the said party of the second part, his heirs and assigns shall have until 14 January, 1932, in which to enter upon the tract of land above described and remove the timber therein conveyed, and if the said timber has not all been removed then it is agreed that the said party of the second part shall have five years longer in which to do so, by paying to said E. R. Penny the yearly tax assessed against that part of said lands on which the timber has not been removed, such payments to be made from year to year as said taxes may fall due, but it shall not be obligatory on the said party of the second part to pay for any more years extension than used by him in the cutting and removal of said timber."

2. Thereafter, on 13 December, 1928, E. S. Parsons and wife, by deed duly registered, conveyed all the rights to the gum and cypress timber, acquired under the Penny deed, to L. D. Adkins.

3. On the following day, Adkins, by deed duly registered, conveyed all the rights he had acquired under the Parsons deed to E. McN. Carr. This deed contains the following stipulation:

"The said party expressly reserves to said E. S. Parsons, his heirs and assigns, the rights which they now have to enter upon said lands and cut and remove other timber therefrom and to exercise all other rights to them conveyed by said E. R. Penny and wife, in cutting and removing the timber described in said conveyance except that which is conveyed to the said party of the second part hereby."

4. On 6 March, 1929, E. R. Penny and wife, by deed duly registered, conveyed to E. McN. Carr the fee in the lands described in the timber deeds above mentioned, with the following exception:

"Except timber rights which have been sold to E. S. Parsons, Clarkton, N. C."

5. E. McN. Carr died intestate, 13 September, 1930, leaving him surviving the plaintiffs herein.

6. E. S. Parsons did not notify the plaintiffs on or before 14 January, 1932, or thereafter, that he intended to exercise any rights under the extension clause in the deed from E. R. Penny and wife to E. S. Parsons, nor did he tender to plaintiffs any sum of money in payment of said extension right.

7. On 24 June, 1933, E. R. Penny gave to E. S. Parsons the following receipt: "Received of E. S. Parsons Lumber Co. $13.50—thirteen dollars and fifty cents, same being for taxes for one year's extension on land according to timber deed. This is for the year 1932."

15—206

CARR *v.* PARSONS.

8. Plaintiffs have paid taxes on the land in question for the year 1932, but not for 1933.

9. Defendant is ready, able and willing to pay the taxes on land on which timber has not been cut and removed, as per stipulation in deed.

10. Summons was issued herein prior to the due date of the taxes in 1933.

From a judgment enjoining the defendant from further cutting any timber upon the land in question, he appeals assigning error.

*George R. Ward for plaintiffs.*
*Rivers D. Johnson and Hector Clark for defendant.*

STACY, C. J. The extension clause in question partakes of the nature of an option and is available to the grantee only upon notice and payment when due of "the yearly tax assessed against that part of the land on which the timber has not been removed." The right, therefore, which arises from the exercise of this option, inures to the benefit of the present owners or those primarily liable for the yearly tax. *Hood v. McGill, ante,* 83.

Speaking to the subject in *Bennett v. Lumber Co.,* 191 N. C., 425, 131 S. E., 741, it was said:

"The decisions on the subject are to the effect that these extension provisions, of the kind here presented, are in the nature of options, or unilateral executory contracts subject to be converted into bilateral executed contracts only upon compliance with the terms stated therein, and that the estates or interests resulting therefrom arise at the time the conditions are complied with and the options exercised. Hence, nothing else appearing, the prices to be paid for said extension rights belong to those who own the property at the time the options are exercised, and from whose estates the interests then arising necessarily pass. *Dill v. Reynolds,* 186 N. C., 293."

The case of *Bateman v. Lumber Co.,* 154 N. C., 248, 70 S. E., 474, is so nearly like the present one in principle that we are content to rest our decision on the *Bateman case* and the principles announced therein, without further elaboration. The authorities cited by appellant are distinguishable.

Affirmed.