FIRST-CITIZENS BANK & TRUST COMPANY, A BANKING CORPORATION, V. ANNIE LEE FRAZELLE AND HUSBAND, C. R. FRAZELLE.

(Filed 20 November, 1946.)

**1. Landlord and Tenant § 18—**

Ambiguity in the terms of a lease relating to renewals will be construed in favor of the tenant and not the landlord.

**2. Same—**

A lease for one year with privilege to lessee "to extend said lease for one year," said "privileges to continue in force for nine successive years," is a lease for one year with privilege of renewing it from year to year for nine successive years.

**3. Same—**

Where a lease for a year provides for extensions thereof from year to year at the option of lessee for a period of nine successive years, the continued occupancy of the premises by lessee and the payment of rent in accordance with the terms of the lease constitute renewals or extensions thereof, and the failure of lessee to give notice of intention to renew cannot be held to have terminated the lease when neither lessor, nor his successor demands possession of the premises for such failure.

**4. Vendor and Purchaser § 5a—**

Where a lease for a year with privilege of renewal from year to year for a period of nine years is kept in force by exercising the renewal privilege, the lease is a sufficient consideration to support specific performance of an option therein granted lessee to purchase at any time during the life of the lease.

**5. Landlord and Tenant § 18: Vendor and Purchaser § 5a—**

Neither a lease nor an option therein granted lessee to purchase is terminated by the death of lessor, the obligations therein created not being personal but being covenants running with the land.

**6. Descent and Distribution § 12—**

Rents accruing under a lease after the death of lessor intestate should be paid to the heir and not to the personal representative of lessor.

**7. Landlord and Tenant § 22a—**

Where a lease contains no forfeiture clause for failure of lessee to pay rent, and the lessee, after lessor's death, pays the rent to lessor's personal representative to the knowledge of lessor's heir, the heir, who made no demand for the rent, may not declare the lease forfeited, since in the absence of a forfeiture clause, G. S., 42-3 applies, and forfeiture under the statute is not effective until the expiration of ten days after demand.

**8. Vendor and Purchaser § 19a—**

Where an option does not require payment or tender of purchase price until delivery of deed, and vendors refuse to execute deed upon request, tender of the purchase price is not required.

APPEAL by plaintiff from *Thompson, J.,* at May Term, 1946, of ONSLOW.

Civil action instituted 3 November, 1945, to enforce specific performance of an option to purchase certain real property described in a lease dated 7 November, 1936, and executed by and between U. W. Mills and First-Citizens Bank & Trust Company, and duly recorded in the office of the register of deeds of Onslow County, 21 December, 1936.

The pertinent parts of the lease and option are as follows:

"The life of this lease is for one year with the privilege granted for said party of the second part, or its assignee to extend said lease for one year at its expiration; said privileges to continue in force for nine successive years; said lease to date from the occupation of the property by the party of the second part.

"The party of the first part hereby gives to the party of the second part the right, or option, to purchase said property at any time during the life of this lease, or any extension thereof, for the sum of $10,000.

"Upon notice in writing from the party of the second part to the party of the first part that said party of the second part desires to exercise right to purchase said property the rent paid monthly stops at the end of the current rental month. Party of the first part hereby agrees to execute and deliver a deed in fee conveying the property clear of all encumbrances to the party of the second part. The party of the second part agrees to pay the purchase price upon receipt of said deed."

The lease does not purport to bind the heirs and assigns of U. W. Mills.

U. W. Mills died intestate on 12 December, 1941, leaving the defendant Annie Lee Frazelle, his daughter, as his sole surviving heir.

C. R. Frazelle, husband of Annie Lee Frazelle, is the duly qualified and acting administrator of the estate of U. W. Mills.

The plaintiff has continued to occupy the leased premises and to pay the agreed rental each month, and since the death of U. W. Mills the monthly rental payments have been made to the administrator of his estate. The defendant Annie Lee Frazelle knew the rent was being paid to her husband, as administrator of the estate of U. W. Mills.

The plaintiff notified defendants in writing of its intention to exercise the option contained in the lease, and requested the defendants to execute a deed in compliance therewith, but the defendants refused to comply with the request. Whereupon this action was instituted and the sum of $10,000.00 deposited with the court.

At the close of plaintiff's evidence, defendants moved for judgment as of nonsuit. Motion allowed and plaintiff appeals, assigning errors.

*Warlick & Ellis for plaintiff.*
*J. A. Jones and Albert W. Cowper for defendants.*

DENNY, J. This appeal presents four questions for our determination. 1. Was the option to purchase the premises described in the lease, in effect when the plaintiff notified the defendants of its election to purchase the property? 2. Did the failure of U. W. Mills to expressly bind his heirs and assigns in the lease, make its terms unenforceable

against his sole surviving heir? 3. Did payment of the rent to the personal representative of U. W. Mills and not to the heir at law, from 1941 until the institution of this action, invalidate the lease? 4. Was tender of the purchase price necessary under the evidence disclosed on this record?

We think the first question must be answered in the affirmative and the others in the negative.

The defendants contend the lease is ambiguous in its provisions relating to the renewals. It is the law, however, that in construing provisions of a lease relating to renewals, where there is any uncertainty, the tenant is favored and not the landlord. Taylor's Landlord and Tenant (9th Ed.), sec. 81; *Warren v. Breedlove,* 219 N. C., 383, 14 S. E. (2d), 43; *Temple Co. v. Guano Co.,* 162 N. C., 87, 77 S. E., 1106; 32 Amer. Jur., sec. 962, p. 809. Moreover, we think it is clear that this lease was for one year with the privilege of renewing it from year to year for nine successive years.

The defendants take the position that since there is no evidence that the plaintiff notified the lessor or his surviving heir at any time of its intention to renew the lease, the lease expired at the end of the first year and since that time the plaintiff has been a tenant at will. Therefore, it is contended that the plaintiff did not undertake to exercise the option during the existence of the lease. The position is untenable. Ordinarily where the tenant holds over it is presumed to have exercised its option to renew or extend. In the case of *Holton v. Andrews,* 151 N. C., 340, 66 S. E., 212, the lease contained the following provision: "The parties of the first part bind themselves, upon the request of the party of the second part, in writing, to renew this lease, without change in terms, from year to year, for a period of four years." The lessee continued in possession of the premises after the expiration of the first year, without making such request in writing or otherwise, paying rent monthly, as before. Seven months later the tenant vacated the premises and the lessor brought an action to recover the rent to the end of the year. This Court held: "His Honor erred in holding this to be a tenancy at will. The requirement that the request for renewal should be in writing was in favor of plaintiff. If not given, he could have refused to renew. The defendant, by continuing on, was presumed to be in for a year, as before, on the same terms as to time, price and monthly payments, and with a right to three years more if requested in writing. A case exactly in point is *Scheelky v. Koch,* 119 N. C., 80. Also, *Harty v. Harris,* 120 N. C., 408."

The continued occupancy of the premises by the plaintiff and the payment of rent in accordance with the terms of the lease, constituted renewals or extensions thereof. Furthermore, the terms of the lease did not require the lessee to notify the lessor of its intention to renew. But

this is immaterial to a decision in this case, because neither the lessor nor his sole surviving heir undertook at any time to have the plaintiff vacate the premises because of failure to give notice of its intention to renew the lease. We hold the lease was in effect at the time the plaintiff notified the defendants of its intention to exercise the option contained therein, and the option may be enforced by a decree of specific performance. *Ward v. Albertson,* 165 N. C., 218, 81 S. E., 168. This is in accord with a recent decision of this Court, *Crotts v. Thomas, ·ante,* 385, 38 S. E. (2d), 158, in which we said: "An option in a lease, which gives the lessee the right to purchase the leased premises at any time before the expiration of the lease, is a continuing offer to sell on the terms set forth in the option, and may not be withdrawn by the lessor within the time limited. The lease is a sufficient consideration to support specific performance of the option of purchase granted therein." *Pearson v. Millard,* 150 N. C., 303, 63 S. E., 1053; *Thomason v. Bescher,* 176 N. C., 622, 97 S. E., 654; *Willard v. Taylor,* 75 U. S., 557, 19 Law Ed., 501; 49 Am. Jur., 141, sec. 120.

The right of a lessee to enforce an option contained in a lease, is not affected by the death of the lessor. "Covenants to renew are not personal. They run with the land, and are binding upon the legal successors of the lessee as well as the lessor. They are entitled to the benefits and are burdened with the obligations which such covenants confer on the original parties." *Bank of Greenville v. Gornto,* 161 N. C., 341, 77 S. E., 222; 25 Cyc., 996; *Pearson v. Millard, supra; Barbee v. Greenberg,* 144 N. C., 430, 57 S. E., 125. "Contracts for the conveyance of land are capable of specific performance not only against the parties and their voluntary grantees and vendees with notice, but as against their heirs, devisees, and widows; and such suits may be maintained against the heirs, although the contract did not purport to be obligatory against the heirs of the parties." 49 Amer. Jur., sec. 147, p. 170, *et seq.;* 58 C. J., sec. 90, p. 925.

All rents which accrued under the lease herein, after the death of U. W. Mills, should have been paid to his sole surviving heir, Annie Lee Frazelle, or her agent, and not to the personal representative of U. W. Mills, deceased. *Mizell v. Lumber Co.,* 174 N. C., 68, 93 S. E., 436; *Timber Co. v. Wells,* 171 N. C., 262, 88 S. E., 327; *Timber Co. v. Bryan,* 171 N. C., 265, 88 S. E., 329. "Rent which is due at the time of the death of the lessor passes to his personal representative for administration as an asset of the decedent's estate, while rent which becomes due after that time becomes the property of the heirs or devisees who are entitled to the reversion, as an incident thereof." 32 Amer. Jur., sec. 457, p. 375. And where the heirs fail to receive the rent and it is paid to the administrator without their knowledge· or consent, such payment is no defense against a demand by the heirs for the rent. 32 Amer. Jur.,

sec. 460, p. 377. However, the contention of the defendants on this point is without merit under the facts disclosed on this record.

The rents due under the terms of the lease after the death of the lessor, have been paid to the administrator with the knowledge of the sole surviving heir. Furthermore, there is no evidence that she notified the plaintiff to vacate the premises for failure to pay the rent to her. The lease contains no forfeiture clause upon failure to pay the rent, hence the statute, G. S., 42-3, applies. A forfeiture under the statute for failure to pay rent is not effective until the expiration of ten days "after a demand is made by the lessor or his agent on said lessee for all past due rent." *Monger v. Lutterloh*, 195 N. C., 274, 142 S. E., 12. No demand for the payment of rent having been made by the defendant Annie Lee Frazelle, sole surviving heir of U. W. Mills, as required by the statute, the lease was in full force and effect at the time the plaintiff gave notice of its intention to exercise the option contained therein.

The defendants also contend that there was no tender of the purchase price as required under the decisions of this Court, citing *Land Co. v. Smith*, 191 N. C., 619, 132 S. E., 593, and similar cases. We do not so hold. The option does not require payment or tender of the purchase price until a deed for the premises is delivered to the plaintiff. The defendants having refused to execute a deed for the premises when the plaintiff requested them to do so, their contention as to the failure of the plaintiff to tender the purchase price cannot be sustained. *Phelps v. Davenport*, 151 N. C., 22, 65 S. E., 459; *Gallimore v. Grubb*, 156 N. C., 575, 72 S. E., 628; *Gaylord v. McCoy*, 161 N. C., 686, 77 S. E., 959; *Cunningham v. Long*, 186 N. C., 526, 120 S. E., 81; *Crotts v. Thomas, supra*. Moreover, plaintiff was under no obligation to deposit the purchase money in the sum of $10,000.00 with the court, but evidently did so as an expression of good faith and as evidence of its readiness to comply with the terms of the option upon receipt of a deed for the premises.

The motion for judgment as of nonsuit should have been denied, and the judgment entered below is

Reversed.