R. L. PENNY v. VIRGINIA N. NOWELL, ET AL.

(Filed 23 November, 1949.)

**1. Vendor and Purchaser § 7—**

Where the vendor disavows the contract, the purchaser is not required to tender the purchase price within the period of the option, since the law does not require the doing of a vain thing.

**2. Vendor and Purchaser § 25a—**

In plaintiff's action to cancel contract of record, defendant set up a counterclaim for breach of a provision therein giving defendant the right to purchase or sell specified property for a stipulated price within a period of thirty days after termination of the contract. The defendant testified that within the period of the option she obtained a purchaser able and willing to buy the property at a price in excess of that stipulated in the option, and that plaintiff refused to consider the offer or make deed on the ground that the contract was void. *Held:* The granting of nonsuit on the counterclaim was error.

APPEAL by defendant from *Stevens, J.,* May Term, 1949, of WAKE.

Civil action to cancel contract of record or to remove it as a cloud on plaintiff's title.

The contract provided that if after 15 May, 1947, the plaintiff desired to terminate the agreement between them, the defendant would have the privilege of purchasing or selling the property in question at a price of $15,000.00 within a period of thirty days thereafter.

Plaintiff notified the defendant on 14 May, 1947, that he considered the contract void. Defendant testified that within the period of the option she secured a purchaser ready, able and willing to buy a part of the property at a price of $20,000, so informed the plaintiff and demanded that deed accordingly be executed and delivered.

The plaintiff declined to consider the offer or to make deed to the property, contending that the contract was null and void, and told the defendant that if she expected to deal with him concerning the property, another contract would have to be made.

The defendant set up a counterclaim for breach of the contract, and demanded damages in the sum of $20,000.

As no tender of the purchase price was made by the defendant within the stipulated period, the court entered judgment of nonsuit on defendant's counterclaim and directed a verdict for the plaintiff and rendered judgment that the paper-writing be canceled of record.

The defendant appeals, assigning errors.

*Simms & Simms for plaintiff, appellee.*

*John W. Hinsdale and J. C. Little, Jr., for defendants, appellants.*

STACY, C. J.   The plaintiff's disavowal of the contract relieved the
defendant of the necessity of tendering the purchase price within the
period of the option.   Such a tender would have availed nothing accord-
ing to the testimony of record.   The law does not require the doing of a
vain thing.   The disavowal was a waiver of the requirement.   *Phelps v.
Davenport,* 151 N.C. 22, 65 S.E. 459; *Gaylord v. McCoy,* 161 N.C. 685,
77 S.E. 959.

In this view of the matter, the evidence was quite sufficient to carry
the case to the jury on the defendant's counterclaim.   *Crotts v. Thomas,*
226 N.C. 385, 38 S.E. 2d 158; *Trust Co. v. Frazelle,* 226 N.C. 724, 40
S.E. 2d 367; *Cunningham v. Long,* 186 N.C. 526, 120 S.E. 81.   Hence,
the dismissal of the counterclaim will be reversed, and the directed ver-
dict and judgment for plaintiff set aside and a general new trial ordered.

Reversed and new trial.