JOSEPH F. FURLOUGH, JR., v. A. G. OWENS and WIFE, LOUISE OWENS.

(Filed 19 September, 1956.)

**Vendor and Purchaser § 18—**

> The vendors' refusal to comply with their contract after tender of cashier's check for the initial payment and demand of deed, relieves the purchaser of the necessity of making further tender or tendering cash.

JOHNSON, J., not sitting.

APPEAL by defendants from *Burgwyn, Emergency Judge,* April Term, 1956, of TYRRELL. No error.

This was an action for specific performance of a contract to convey land. Determinative issues were submitted to the jury and answered in favor of plaintiff. From judgment on the verdict, the defendants appealed.

*Pritchett & Cooke and Sam S. Woodley for plaintiff, appellee.*
*Norman & Rodman for defendants, appellants.*

PER CURIAM. It was admitted that defendants for a valuable consideration executed and delivered to the plaintiff an option to purchase described land upon stated terms, including payment of $1,800 in cash. Plaintiff testified that within the time limited he notified defendants that he elected to exercise the option, was ready, able and willing to comply with its terms, and demanded deed. Defendants failing to have deed prepared for delivery, plaintiff offered to have this done, but defendants refused. Plaintiff tendered cashier's check for the initial payment and demanded deed. Defendants made no objection to the cashier's check and gave no reason for their refusal to execute deed. Defendants offered no evidence in rebuttal.

The defendants' refusal to comply with their contract relieved plaintiff of the necessity of making further tender or tendering cash, as such tender would have availed nothing. *Penny v. Nowell,* 231 N.C. 154, 56 S.E. 2d 428; *Millikan v. Simmons,* 244 N.C. 195, 93 S.E. 2d 59.

In the trial we find

No error.

JOHNSON, J., not sitting.