A. H. BANGERT v. JOHN L. ROPER LUMBER COMPANY.

(Filed 13 October, 1915.)

**1. Equity—Contracts—Interpretation—Forfeitures.**

Equity does not favor forfeitures or penalties, and will relieve against them when practicable and in the interest of justice; and a court of equity will not be astute to place a construction upon a contract that will cause a forfeiture when another and reasonable construction may be placed upon it and avert such forfeiture.

**2. Deeds and Conveyances—Timber Deeds—Extension Period—Terms—Successive Payments—Payment for Period.**

Ordinarily the provision which allows an extension of time for cutting timber must be complied with by the grantee in accordance with the terms of the conveyance, in order that he may take advantage thereof; but where a time for cutting and removing has been fixed by the conveyance, with provision that the grantee may extend the time from year to year for five years upon giving notice and paying a certain fixed sum each year in advance, and it is admitted that before the expiration of the original period for cutting the grantee notified the grantor that he would

avail himself of the full extension period of five years and tendered the sum specified, covering the full extension period, which the grantor refused, it is *Held*, that the notice and prepayment required of the grantee for each successive year was inserted for the grantee's advantage, and that notice and tender of payment made in apt time for the full five years period was sufficient.

CLARK, C. J., and HOKE, J., dissenting.

APPEAL by defendant from *Connor, J.,* at the May Term, 1915, of CRAVEN.

Civil action to perpetually enjoin the cutting of timber upon certain lands. The court rendered judgment enjoining the defendants from cutting and removing the timber and adjudged that certain funds in hands of trustees and deposited in bank, the proceeds of timber cut, be paid to plaintiff. The defendant appealed.

*R. A. Nunn for the plaintiff.*
*Moore & Dunn for the defendant.*

BROWN, J. The admitted facts are that defendant, as assignor of the Blades Lumber Company, acquired the right to cut and remove within ten years certain timber on plaintiff's land by virtue of a deed dated 1 November, 1901, containing the following extension clause:

"And the party of the first part hereby contracts and agrees to extend the time within which the parties of the second part are to cut and remove said timber from said land, after the expiration of the term hereinbefore specified for the removal thereof, from year to year for a period of five years, said extension to be made yearly upon the request of the parties of the second part, the said parties of the second part to pay to the party of the first part upon each yearly extension of said time the sum of twenty-five dollars."

It is admitted that in January, 1911, shortly before the original time for cutting the timber expired, and prior to the time when the five years extension clause began to run, the defendant duly notified plaintiff that it would take the entire five years extension given it under the contract, and at same time tendered the plaintiff $125, being $25 per annum for the five years. The defendant refused to accept the money, but stated he would extend the time each year upon payment of $25 per annum. The defendant notified plaintiff before the close of each year that it would avail itself of the extension, and paid the $25 to plaintiff, but, after notifying plaintiff in apt time before the close of last year, defendant did not tender the last $25 until four days after that year expired.

We have held that the provision as to extensions in a timber deed, when properly taken advantage of and made available, permits the

grantee to cut and remove the timber for the period of time covered by the extension. *Bateman v. Lumber Co.,* 154 N. C., 250.

It is also held in *Powers v. Lumber Co.,* 154 N. C., 405, that where the instrument requires payment of interest on original purchase price "each year in advance," for an extension, tender of such interest not made within the time specified in the deed is insufficient. We adhere fully to what is decided in those cases, but there are two distinguishing features between them and the case before us. This contract does not necessarily require payment in advance, as in the *Powers case.* Its language is, "the said parties of the second part to pay to the party of the first part upon each yearly extension of said time the sum of $25."

The notice being given in apt time, and the money tendered only four days after, it may well be considered doubtful if equity will so construe the contract as to cause a forfeiture of defendant's entire interest. It is doubtful if it requires payment in advance, as in the *Powers case.*

Equity does not favor forfeitures or penalties, and will relieve against them when practicable, in the interest of justice. 2 Story Eq., page 644; *Carpenter v. Wilson,* 59 Atl. Rep., 187; *Seldon v. Camp,* 95 Va., 528.

A court of equity will not be astute to place a construction upon a contract that will cause a forfeiture when another and reasonable construction may be placed upon it, and avert such forfeiture. But as the plaintiff rests his right upon the strict letter of the contract, we think the defendant may well do the same.

It is admitted that the defendant gave full notice, before the original period for cutting the timber expired, of its intention to take the whole five years granted it in the deed. It is also admitted that at same time, and before the five years extension commenced to run, the defendant tendered the plaintiff the entire $125, in full payment for the whole period of five years extension, and plaintiff refused to accept it. Upon this state of facts a court of equity surely ought not to declare a forfeiture of defendant's rights under the contract, and enjoin the cutting of the timber within the extension period.

As we construe the extension clause, the defendant had the right to take an extension for one year only, or for as many as five years. The reason the payment was fixed at $25 annually was because, when the deed was made in 1901 to the Blades Company, it was not known what extension period the grantee or its assigns would desire at expiration of the original ten years in 1911, within which to remove the timber, whether one year or as many as five years, if desired, at the rate of $25 per annum.

This clause was put in the instrument solely for the defendant's benefit, and not for the plaintiff's. It was the defendant's privilege,

under the contract, to exercise its right in January, 1911, before the ten years expired, and to notify plaintiff that it would avail itself of the entire period of five years extension and to tender the money. When defendant did so, it performed every requirement and condition of the contract upon its part. The defendant is in no default, and it was plaintiff's duty to accept the money. The injunction is dissolved, and a decree will be entered in the Superior Court requiring the trustee to pay the plaintiff $25, and the remainder of the fund to the defendant.

All costs will be taxed against the plaintiff.

Reversed.

CLARK, C. J., dissenting: The contract between the parties is that there can be an extension "*from year to year,* for a period of five years, said extension to be made *yearly,* upon the request of the parties of the second part, the said parties of the second part to pay to the party of the first part, upon each *yearly* extension of said time, the sum of $25." This is the contract of the parties, and I do not think the courts have the right to modify or change it, and that the court below decided it correctly.

HOKE, J., dissenting.