TAYLOR AND THOMAS v. MUNGER AND BENNETT.

(Filed 27 October, 1915.)

1. **Deeds and Conveyances—Timber—Extension Periods—Notice—Time and Place of Payment—Tender of Payment.**

No notice is required to be given by the grantees of standing timber to cut the timber from the lands during the extension period allowed in the conveyance, when by the terms thereof no previous notice is required, but that the grantees shall have the privilege of cutting and carrying off the said timber within ten years, with an additional term of five years, if they shall pay annually during the additional term, at the grantee's office in N., on the first Monday in February of each year, a sum equal to 8 per cent of the original purchase price; nor will the grantee's right to the extension period be forfeited when it is shown that they have been able, ready and willing to pay the interest at all times when called upon, and that the grantor has not done so, though the grantees have continuously maintained their office at the place designated in the deed.

**2. Contracts—Payment—Time and Place—Requirement of Obligee.**

    Where an instrument fixes a time and place for the payment of money, the person to whom it is to be made should accordingly be present in person or by agent to receive it.

APPEAL by plaintiff from *Connor, J.,* at the July Term, 1915, of ONSLOW.

Civil action, heard upon an agreed statement of facts. The court rendered judgment for the defendants, and the plaintiffs appealed.

*Duffy & Day for the plaintiffs.*
*Frank Thompson, T. D. Warren for the defendants.*

BROWN, J. It appears that the plaintiffs conveyed certain timber to the defendants, by deed dated 14 January, 1905, with the privilege of cutting and carrying off the said timber within ten years. The said deed contained the following extension clause:

"That the said party of the second part, their successors or assigns, shall have an additional term of five (5) years next ensuing the ending of the first term of ten (10) years in which to cut and carry away said timber from said land: *Provided, however,* that the said parties of the second part, or their successors or assigns, shall pay annually during the additional term of five (5) years, or until said timber shall be cut and carried away, to the parties of the first part or their legal representatives at the office of said party of the second part, at their office in New Bern, N. C., on the first Monday in February of each year, a sum equal to 8 per cent of the original purchase price of said timber."

We are of opinion, under the above extension clause, that no notice upon the part of the grantees to the grantors was necessary in order to avail themselves of it. The deed does not require any notice, and the extension, itself, is a part of the contract, and is, in effect, automatic. It is as much a part of the contract as the original ten years. At the expiration of the ten years, by the very terms of the deed, the grantees have the right to cut and remove the timber within the succeeding five years, provided they pay a sum equal to 8 per cent per annum of the original purchase price of the timber.

This case differs from *Powers v. Lumber Co.,* 154 N. C., 405, in that there is no condition in the deed that this 8 per cent shall be paid in advance; on the contrary, the deed expressly provides that the money is to be paid to the plaintiffs, or their legal representatives, at the office of the defendants in New Bern, N. C., on the first Monday in February of each year. The facts agreed show that the defendants have an office at their sawmill, about one mile from the city of New Bern; that the post-office address of the defendant was New Bern, and that the general superintendent of the defendant resided in New Bern, and transacted the business of the company at his residence in said city.

The facts agreed further show that G. G. Bennett, an officer of the defendant company, resides in New Bern, and resided there for the past two years, and at his house does transact the business of the company.

It is further admitted that neither of the grantors in said deed, nor any one representing them, have applied to the defendant company at New Bern, or at its mill office on 1 February, 1915, or at any other time, to receive the said money provided for in the said timber deed, and they have never made any demand on the defendant, either by letter or personally, for the payment of the said money.

It is admitted that the defendant, on the first Monday of February, 1915, and at all times since, has been ready, able and willing to pay the said money to the plaintiffs upon demand, and had expected the plaintiff to call for the same. It is found as a fact that the defendant's officers were present at their mill office and at their place of business in New Bern, N. C., on 1 February, 1915, ready, able and willing to pay the said money. It is well settled that where a place of payment is fixed, the person to whom the payment is to be made should be present by person or agent to receive the money. 3 Elliott on Contracts, 117; 38 Cyc., 150.

We think his Honor correct in his conclusions, and his judgment is

Affirmed.