Civil action commenced on 29 November, 1915, to compel the defendants to execute a deed conveying a certain tract of land pursuant to an option executed by the defendants Hodges and wife to the plaintiff, which was duly registered.
The option gave to the plaintiff the right to tender the money on or before 1 December, 1915, and to secure a deed for the land.
The defendant Hodges and wife conveyed the land described in the option to the defendant Tilghman, but with the express agreement that the conveyance was subject to the option.
The plaintiff alleges in his complaint the execution of the option; that the purchase price had been tendered to the defendants and demand made for the execution of the deed, and that the defendants had refused to perform their contract prior to the commencement of the action.
The defendants admit the execution of the option and deny the tender of the purchase money, but they also allege their readiness to convey the land described in the option with the exception of one acre, which they say was not intended to be covered by the option.
The sixth paragraph of the complaint is as follows:
6. That the defendants refused and still refuse and fail to accept the amount so tendered, and refused and still refuse to execute and deliver unto the plaintiff a conveyance of the land described in said option.
The defendants denied this paragraph of the complaint. (135)
Judgment was entered upon the pleadings compelling the execution of the deed by the defendants to the plaintiff, but excepting therefrom the one acre of land referred to in the answer, and adjudging that the plaintiffs pay the costs of the action, the defendants excepted and appealed.
We see no reason for disturbing the judgment. The option is a valid contract and one of which the specific performance will be enforced (Wardv. Albertson, 165 N.C. 223), and the defendants not only admit the execution of the option in the answer, but they aver their readiness to perform it, and the only objection made is that one acre of land was included by mistake.
The decree entered in the Superior Court gives the defendants all for which they contend by excepting the one acre of land from the deed which the defendants are required to execute, and the plaintiff is required to pay costs of the action. *Page 182 
There is nothing in the decree of which the defendants can justly complain.
Affirmed.
Cited: Dill v. Reynolds, 186 N.C. 296.