J. M. WILLIAIMS v. JOHN L. ROPER LUMBER COMPANY ET AL.

(Filed 3 October, 1917.)

1. Deeds and Conveyances—Timber—Contracts—Extension—Option—Condition Precedent—Time the Essence.

A contract conveying timber on lands entered into on 18 January, 1906, with provision for cutting and removing it in ten years, but that the purchaser could extend the period a reasonable time, not exceeding ten years, upon paying, on 1 January of each of the successive years thereafter, a certain sum of money: *Held,* the renewal payment contemplated was of the essence of the contract, and a condition precedent to the exercise of the option, requiring performance in advance of the termination of the right to cut and remove the timber.

2. Injunction, Perpetual — Deeds and Conveyances — Timber — Contracts— Options.

Where the facts are not in dispute, and it therefrom appears that a grantee of timber continues to cut and remove the same after his right thereto has ceased, the restraining order should be made perpetual.

APPEAL from *Lyon, J.,* at chambers, 29 May, 1917, from DUPLIN.

*Gavin & Wallace and H. A. Grady for plaintiff.*
*L. I. Moore and L. A. Beasley for defendants.*

CLARK, C. J. On 18 January, 1906, J. M. Williams executed to defendants' grantor a timber deed containing the following clause: "The party of the first part grants unto the party of the second part the full term of ten years from this date in which to cut and remove the timber hereinbefore described, and if not removed in that time, then the party of the second part, his heirs and assigns, shall have such additional time as they may desire, not exceeding ten years, by paying annually, on the first day of January of each year, to said J. M. Williams, interest at 6 per cent on the purchase price hereinbefore set out."

In December, 1915, the defendant paid to the plaintiff $72, which extended the time for one year from 18 January, 1916. The defendant, however, did not pay the $72 required on 1 January, 1917, in order to renew the contract from 18 January, 1917, to 18 January, 1918, and did

not tender it until some time in March, 1917, when the plaintiff refused to accept the same, upon the ground that the tender was not made on or before 1 January, 1917, and the option had therefore elapsed.

The ten years expired on 18 January, 1916, and thereupon all right and interest of the grantee and his assignee to cut the timber determined and ceased unless the grantee had exercised its option on or before 1 January, 1916, to renew for a year "by paying" the sum required, which the defendant did. At the end of that twelve months, *i. e.,* on 18 January, 1917, all right of the defendants then ceased and determined, because it had not on 1 January, 1917, again exercised its option "by paying" the sum required for renewal.

The terms of the option require, as a condition precedent, the payment of this interest on first January just before the termination of the stipulated time. The language is, *"By* paying annually on first day of January of each year." The grantor had the right to require this as a condition precedent, and to fix the date on first January of each year, *i. e.,* eighteen days before the expiration of the time. This was to give the grantor opportunity to look around for another purchaser, or arrange to cut the timber, and time was of the essence of the contract. It was not contemplated certainly that the purchaser should go on and cut the timber for a year more, lacking eighteen days only, and if no payment was then forthcoming, the grantee would only lose eighteen days of his term.

The original contract for ten years required payment in advance for the whole ten years. It was in line with this that the defendant was required to pay for each year's renewal in advance. The owner of the timber was selling for cash, and required cash in advance for each yearly renewal. He was not intending to credit the purchaser and thus buy a lawsuit.

It is contended that when the purchaser bought the timber for ten years he also bought the right to renew for another ten years. The fallacy of this is transparent. The purchaser bought for cash the right to cut the timber for ten years, and the *option* to renew, not the renewal, upon payment of the sum named, on 1 January each year before the time expired.

It has always been held that timber deeds of this character convey an estate of absolute ownership, defeasible as to all timber not cut and removed within the stipulated time. *Timber Co. v. Wells,* 172 N. C., 262; *Winders v. Kenan,* 161 N. C., 628; *Bateman v. Lumber Co.,* 154 N. C., 248.

The cases hold that a stipulation providing for an extension of time, such as in this case, is an option and does not create any interest in the property, but is merely an agreement to convey when the condition pre-

scribed is performed, and when this is not done the interest of the purchaser has ceased and determined. The option cannot extend the contract unless the option is complied with by compliance with its terms, as in this case, "by paying" $72 on 1 January preceding the termination of the existing contract to procure another year's right to cut. *Timber Co. v. Wells,* 171 N. C., 262; *Ward v. Albertson,* 165 N. C., 218; *Waterman v. Banks,* 140 U. S., 394. This is not the case of a forfeiture, for the term of the purchaser expired by limitation unless renewed by compliance with the terms of the option. The term was not extended, because the defendant failed to comply with the terms of the option upon which the purchaser would acquire the right to an extension. At the end of the term his right ceased and he had nothing to forfeit. By not complying with his option, he simply did not acquire any further right to cut. The courts will not hold the grantor bound for a year lacking eighteen days when the grantee has not bound himself at all by accepting the option. *Rountree v. Cohn-Bock Co.,* 158 N. C., 153; *Bateman v. Lumber Co.,* 154 N. C., 248.

This case differs from *Bangert v. Lumber Co.,* 169 N. C., 628, and *Taylor v. Munger, ib.,* 727, relied on by defendants. In the first of those cases the grantee notified the grantor before the expiration of the original term that he would take the full extension period, and tendered the full sum therefor. In the last-named case the contract specified that the payment was to be made at the office of the grantees in New Bern, and the grantor did not apply at said office for payment, and it was admitted that the grantees were able, ready and willing to pay if the grantor had applied at the office, according to the contract, for payment.

The matter is one of considerable importance, owing to the number of these contracts outstanding in this State, and we have therefore stated the law applicable at more length than otherwise would have been necessary, in view of the clear intent of the parties that at the expiration of the term all interest of the grantees therein should cease unless the option to renew was accepted "by paying" the sum specified, which was clearly a condition precedent, and the date named was of the essence of the contract.

The injunction should not have been dissolved. There are no facts in dispute. Upon the terms of the contract, the option not having been accepted by making payment as required on first January, 1917, the injunction should be made perpetual. The plaintiff is entitled to have his damages assessed for all timber cut since the expiration of his term, 18 January, 1917.

Reversed.