DILL-CRAMER-TRUITT CORPORATION v. G. D. B. REYNOLDS ET AL.

(Filed 24 October, 1923.)

**Deeds and Conveyances—Contracts—Timber Deeds—Extension Period— Registration—Notice.**

> A contract for cutting and removing timber growing upon lands given by the owner, with privilege of extension thereof upon certain conditions, when registered, is notice to subsequent purchasers of the title of the conditions upon which the grantee or optionee of the extension period had acquired the right, and upon his performing them, according to the terms of the instrument, it is not required that he register the instrument under which he has extended the original term as against a subsequent purchaser of the title.

APPEAL by plaintiff from *Calvert, J.,* at April Term, 1923, of ONSLOW.

Civil action to enforce specifically extension provisions contained in a timber deed authorizing and conveying the right to cut timber for a given number of years, with the right of extension, etc. A jury trial was waived, and, upon the facts found by his Honor, by consent, acting as judge and jury, judgment was entered in favor of the defendants. Plaintiff appealed.

*I. M. Bailey and McLean, Varser, McLean & Stacy for plaintiff.*
*H. F. Seawell for defendants.*

STACY, J.   The essential facts of this case are as follows:

1. On 9 August, 1905, Elijah Hardison and others conveyed to Jesse Lukens, by deed, in proper form and duly registered, a quantity of timber, situate in Onslow County, together with certain timber rights and privileges, as contained in the following pertinent provisions of said deed:

"And the said parties of the first part hereby grant and assure unto the said party of the second part, his heirs, executors, administrators and assigns, a term of ten years from this date, subject to the right of extension, hereinafter provided for, within which to cut and remove the timber conveyed.  .  .  .

"And the parties of the first part hereby contract and agree to extend the time within which the party of the second part, his heirs, executors, administrators and assigns, shall have to cut and remove the said timber from the said lands after the expiration of the term hereinbefore specified for removal thereof from year to year for a period of ten years, said extension to be yearly upon the request of the party of the second part, its successors and assigns; the party of the second part, its successors and assigns to pay the parties of the first part the sum of $72 upon each yearly extension of said time."

2. Thereafter, on 28 February, 1907, Jesse Lukens and wife, for value, conveyed all their rights under this deed to the plaintiff, which conveyance was duly registered 19 March, 1907.

3. Subsequent to the execution of the aforementioned deed from Hardison to Lukens, M. L. Parker acquired the fee-simple title to the land on which this timber stands, without any reservation as to the timber or timber rights appearing in his deed, and this deed was duly registered 2 August, 1916.

4. Prior to 9 August, 1915 (the expiration of the first term of ten years given in the Hardison-Lukens deed), the plaintiff, being then the owner of the timber as grantee of Lukens, paid to the then owners of the land $72 for one year's extension to cut said timber, took a receipt therefor, and had the same registered. And, again, prior to 9 August, 1916 (the expiration of the first year's extension), plaintiff paid to the then owners of the land $216 for three years extension to cut said timber, took a receipt therefor, and had the same registered.

5. Prior to 9 August, 1919 (the expiration of the fourth year's extension), plaintiff paid to M. L. Parker and J. C. Parker, the then owners of the land (each owning separate portions as individuals), the sum of $216, the price of three years extension under the Hardison-Lukens

deed, took a receipt therefor in due form, but the same was not registered, as was the case with the two former receipts.

6. Thereafter, on 19 November, 1920, the defendants, G. D. B. Reynolds, Mike Parker, and Arnold Parker, purchased in fee simple the land covered by the Hardison-Lukens timber deed, except a small portion thereof not material to the present inquiry.

7. Prior to 9 August, 1922 (the expiration of the seventh year's extension), plaintiff tendered to Reynolds, Mike Parker, and Arnold Parker, the then owners of the land, $216, the price of the remaining three years extension under the Hardison-Lukens deed, which tender was refused.

8. The plaintiff has cut none of the timber covered by the conveyance mentioned in the present record.

9. It further appears as a fact that G. D. B. Reynolds, Mike Parker, and Arnold Parker had no actual notice of the unregistered extension receipt at the time they acquired title to the property, 19 November, 1920.

Upon the foregoing facts, the court concluded that, inasmuch as the plaintiff had failed to register the receipt for $216, paid immediately prior to 9 August, 1919, and given for three years extension from that date, the plaintiff was not entitled to the relief sought, and not entitled to the last three years extension under the Hardison-Lukens deed, beginning 9 August, 1922, and running to 9 August, 1925. Hence, the question squarely presented by his Honor's ruling is whether or not the third extension receipt, above mentioned, should have been registered in order to be effectual as against the defendants, the subsequent purchasers of the fee-simple title to the land, and whose deed was duly registered in the proper county on 4 February, 1921. The plaintiff holds the negative, the defendants the affirmative, of this proposition, and the decision of the case, it is agreed, depends wholly upon the answer to be given.

The defendants contend that the stipulation in the Hardison-Lukens deed for the extension of time within which to cut the timber is an option, or unilateral executory contract to convey land (standing timber being real estate), subject to be converted into a bilateral executed contract only upon compliance by the optionee with the terms stated therein; that upon the exercise of this option a new estate is created out of the estate of the then fee-simple owners of the land, who are entitled to the extension money; that the conveyance of such an estate is subject to the statute of frauds and the registration laws of North Carolina; and that, even if the defendants had had notice of the receipt given to the plaintiff, 9 August, 1919, no notice other than actual registration of said receipt in the proper county would be sufficient to pass the estate as against the registered deed of the defendants. For this position the

defendants rely chiefly upon the following authorities: *Timber Co. v. Wells,* 171 N. C., 262; *Ward v. Albertson,* 165 N. C., 218; *Lumber Co. v. Whilley,* 163 N. C., 47; *Williams v. Lumber Co.,* 174 N. C., 230; *Timber Co. v. Bryan,* 171 N. C., 265; *Morton v. Lumber Co.,* 178 N. C., 166; *Lumber Co. v. Atkinson,* 234 Fed., 432; *Clark v. Guest,* 54 Ohio St., 298.

The plaintiff, on the other hand, contends that, even if the extension clause in the Hardison-Lukens deed be an option or unilateral contract to convey land, compliance with its terms converted said option into an executed bilateral contract, whereby mutual rights and obligations were created, and immediately vested in the plaintiff the right to exercise the privileges and enjoy the property, conveyed by the original deed, for and during the period covered by the extension paid for. Plaintiff further contends that the extension clause in question is self-executing and complete within itself and does not contemplate or require the execution of any further assurance of title when the extension money is paid. For this position plaintiff cites for its chief reliance the following decisions: *Lumber Co. v. Corey,* 140 N. C., 462; *Williams v. Lumber Co.,* 174 N. C., 229; *Bateman v. Lumber Co.,* 154 N. C., 248; *Ward v. Albertson,* 165 N. C., 218; *Bangert v. Lumber Co.,* 169 N. C., 628; *Taylor v. Munger,* 169 N. C., 727; *Hardy v. Ward,* 150 N. C., 385.

The court below apparently took the defendants' view of the matter and held that the extension clause in the Hardison-Lukens deed conferred no rights or interests in and to the timber conveyed, beyond the original period of ten years, unless the extension payments were made in advance and a receipt or deed taken therefor and registered prior to the acquisition of any interest in the land by a subsequent purchaser.

We think there was error in holding that it was necessary to register the extension receipts. The source of plaintiff's title is the Hardison-Lukens deed, and this was registered in 1905. The original consideration for that deed gave the grantee and his assigns the right to cut the timber for a term of ten years, and also the right to extend that term from year to year for an additional period of ten years upon the yearly *request* and *payment* of the stipulated annual extension price. *Bangert v. Lumber Co.,* 169 N. C., 628. Defendants bought with full notice of this deed.

The cause will be remanded, to the end that judgment may be entered for the plaintiff. *Thomason v. Bescher,* 176 N. C., 622; *Blalock v. Hodges,* 171 N. C., 134.

Reversed.