Plaintiff alleges that defendant executed, 20 August, 1923, an option whereby the defendant gave, for sixty days, the plaintiff an option to purchase the locus in quo at the price of $10,000 net, payable "$2,500 in cash and balance, $5,000, in B. L., $2,500 on second mortgage for 2 years." The option provided that the defendant would execute and deliver a deed in fee with full covenants of warranty and seisin, and free from all encumbrances. It was further stipulated that, upon a failure to exercise the option within the time (60 days), the obligation would be null and void. *Page 611 
It appears in evidence that plaintiff is a real estate dealer and that he did not register this option. On 19 September, 1923, the defendant, together with his wife, conveyed the locus in quo to W. T. Burroughs and H. L. Taylor and their wives for $10,000. Evidence for plaintiff tends to show that, on 18 October, 1923, J. A. Williamson agreed with plaintiff to purchase the locus in quo at the price of $11,000, and gave plaintiff a letter evidencing his offer and containing a check for $2,500 as cash payment thereon. This check was certified by the Merchants and Farmers' National Bank, of Charlotte, N.C. On 19 October, 1923, plaintiff advised defendant by letter that he wished to exercise the option and that he was ready to pay the cash payment and to "sign for the balance purchase price in accordance with the terms of the option, which I hereby accept." The signing and delivery of the option was not denied. Plaintiff testified that this was done on its date or the next day.
Plaintiff further testified that he phoned defendant that he had a purchaser and defendant said the property was sold; that plaintiff went into defendant's store and told him that he had a purchaser for the property in the option and that the purchaser was willing to take it and to give to him his check ($2,500) if he would deliver the deed. Cloninger said the property had been sold. "I (plaintiff) asked him what disposition he was going to make of the option I held on the property, and he said, `None — you have no option.'"
Plaintiff further testified that he showed defendant a copy of the option and the defendant showed the disposition not to want to talk to plaintiff about the option. Plaintiff testified that he stood ready, able and willing to perform the option on his part.
There was other evidence from which defendant claims plaintiff was unable to comply with the option, and that the efforts to sell to Williamson were after he knew defendant had sold the locus in quo and was not a bona fide effort to sell, but only a pretense to get money from defendant.
The defendant offered no evidence.
In the answer, defendant admits the signing of the option, and alleges that the writing did not contain all of the contract between the parties, and that the agreement was based on the condition that the plaintiff would advertise the locus in quo and make diligent effort to sell same at once; and that said writing was signed as a mere incident to the "aforesaid contract of agency." And the consideration was the agreement to make diligent effort to sell, and that plaintiff breached the contract by his failure to advertise and to make diligent effort to sell the land. That defendant waited some time for plaintiff to sell the land, and he then sold the property, and when his deed was registered, *Page 612 
the plaintiff began to try to fix up a pretended sale, and by fraudulent representation induce a buyer to make an offer.
At the close of plaintiff's evidence, on defendant's motion, the court entered judgment as upon nonsuit, and plaintiff excepted and appealed.
This case presents only the question whether, upon all the evidence, viewed in its most favorable aspect for the plaintiff, there was any evidence sufficient to support a verdict for the plaintiff upon the issues necessary to his recovery.
The defendant offered no testimony, and his allegations that present an affirmative defense are not material to this discussion further than as his explanation of transaction.
The option in the instant case is under seal and extends sixty days from the date. It is a continuing offer to sell for the period named — sixty days. We find in the instant record sufficient evidence upon which the jury may find that the plaintiff gave notice to defendant of his acceptance of the terms of the option and of his readiness, willingness and ability to perform it on his part.
The option under seal required no consideration to support it. Of course, the recital of a consideration in the contract is not conclusive as to the consideration further than the contractual nature of this recital extends. This recital is contractual that a consideration exists sufficient to support the contract. Harrell v. Watson, 63 N.C. 454; Mordecai's Law Lectures, 931; Minor's Institutes, Vol. 3, Part 1, 139; Watkins v.Robertson, 105 Va. 269; Willard v. Tayloe, 75 U.S. 557, 19 L.Ed., 501;O'Brien v. Boland, 166 Mass. 481; Weaver v. Burr, 31 W. Va. 736; McMillanv. Ames, 33 Minn. 257. In Thomason v. Bescher, 176 N.C. 622, Hoke, J., quoting from Pomeroy on Contracts, says: "If the unilateral contract is sealed and the common-law effect of the seal has not been taken away or changed by statute, it appears that the promissory offer contained in the writing cannot be recalled before the time for acceptance has expired." 9 Cyc., 287.
It appears from this latter case that this rule is absolute, and that the defendant will not be heard to dispute the existence of a sufficient consideration to support such a contract when the action is at law for damages, as in the instant case. However, when the suit is in equity for specific performance, as was the case in Ward v. Albertson, 165 N.C. 218,222, the $5.00 mentioned as a consideration was held sufficient, although it had never, in fact, been paid, because the vendor had refused to accept the vendee's check for same when tendered. It was, nevertheless, a sufficient consideration to support the contract when *Page 613 
specific performance was sought. The real consideration to which equity will look, regardless of form, in order to determine whether it will exercise its discretion to decree specific performance is the price promised for the land. When the acceptance and notice thereof have been given to the vendee, with readiness and ability to perform, the contract becomes bilateral and the mutual promises are the real consideration for the bilateral obligations arising therefrom. Thomason v. Bescher, supra;Alabama Ry. Co. v. Long, 158 Ala. 301; Ross v. Parks, 93 Ala. 153; Smithv. Bangham, 156 Cal. 359.
When notice is given to the defendant of plaintiff's intention to purchase the land in controversy, and plaintiff offers to comply with the option, it thereby becomes a binding contract and the rights of the parties are fixed as set out therein. Bryant Timber Co. v. Wilson, 151 N.C. 154;Ward v. Albertson, supra; Watkins v. Robertson, supra; Thomason v. Bescher,supra; Dill v. Reynolds, 186 N.C. 296; Elvington v. Shingle Co., ante, 366.
An elaborate note collecting the authorities from many courts, fully discussing this question, is contained in 2 A.L.R., 631, immediately after the report of Thomason v. Bescher, supra.
It may be, upon a trial of this case, that the jury may not find that the plaintiff, within the life of the option, accepted the terms thereof and offered to comply therewith and was ready, able and willing to do so, but, from the evidence submitted, it appears that a jury may so find, and it was, therefore, error to dismiss as upon nonsuit. The execution of the contract is admitted, but the defendant contends in his answer that all of the contract was not contained in the writing and that such other stipulations were made as a part thereof as would require the plaintiff to make diligent effort to sell the land and to advertise it for sale in order to bring about a speedy sale. There is no prayer for reformation, but defendant seeks by this to convert the contract into a mere incident attendant upon the creation of an agency by which the plaintiff is to have the privilege of selling and is to make an effort to sell the lands in controversy for defendant. No evidence to this effect appears, but, since the agreement is to sell the lands for the stipulated price, we now see no hurt to the defendant from the omission of such stipulations or the nonperformance of them on the part of the plaintiff, if the jury shall find that the plaintiff was ready, able and willing to comply with the contract, and so notified the defendant during the 60 days of its life.
However, it appears from the admission of the defendant that the defendant conveyed the lands in controversy on 19 September, 1923, when the option had only run half its prescribed life. This constituted a clear breach of the contract on the part of the defendant, for he then *Page 614 
voluntarily put it beyond his power to perform the contract on his part. Therefore, a tender of the payments, as set out in the option, was not necessary. In Smith v. Jordan, 13 Minn. 264, 97 Am. Decisions, 232, the Court says: "The complaint shows that the defendants, by the sale of the logs to Daniel Howes Co., disqualified themselves from performing the contract. After this, either demand or tender would have been an idle ceremony which the law, under such circumstances, does not require."Newcomb v. Brackett, 16 Mass. 161; Clarke v. Crandall, 27 Barb., 73. InLaybourne v. Seymour (Minn.), 54 N.W. 941, Dickinson, J., says: "The corporation thereby disabled itself from performing the specific obligations expressed in its written undertaking, and, hence, subjected itself at once to the alternative liability to answer in damages as for breach of contract. The law does not require the doing of a useless thing, and the corporation having thus disabled itself to specifically perform its agreement, a demand was not necessary to convert the right to demand the goods into a right to compensation in money." Delamater v. Miller (N. Y.), 13 Am. Decisions, 512.
If liability is denied, as in the instant case, by the statement of the defendant that the land had been sold and by a statement that plaintiff had no option, a formal tender of the purchase price is not required in order to sue for specific performance or damages. Bradford v. Foster, 87 Tenn. 4;Sharp v. West, 150 Fed. Rep., 458; McLeod v. Hendry, 126 Ga. 167, Cobb,P. J., says: "It is well settled that no tender is necessary when it would be a mere idle and useless ceremony. When one of the parties to a contract is unable to perform his obligation thereunder, no tender or performance by the other party, who is able and willing to perform, is necessary." InIrwin v. Askew, 74 Ga. 582, it is held: "When a contract for the sale of land and putting the purchaser in possession was broken by the vendor, he saying to the purchaser that he could not comply with its terms, the tender of the purchase money was unnecessary."
In the instant case there is sufficient evidence for the jury to find, if they accept plaintiff's contentions that the plaintiff had the $2,500 in a check, certified by the bank on which it was drawn, and that the currency in the form of legal tender was available therefrom or otherwise, and that he was ready, able and willing to make this payment and to give such other securities as would be necessary, including the procurement of either the amount from the building and loan contemplated, or such securities as would meet the stipulation in the option, to wit: "Balance, $5,000, N. B. L."
When it is reasonably certain that an offer to perform will be refused and that payment or performance will not be accepted, as a general rule, tender is waived. Gaylord v. McCoy, 161 N.C. 686. A refusal *Page 615 
to deliver an article sold because the price had gone up makes it unnecessary to tender the price. Blalock v. Clark, 133 N.C. 306. A refusal of an offer to pay waives a formal tender. Gallimore v. Grubb,156 N.C. 575.
If defendant has openly refused to perform, plaintiff need not make a tender or demand before suit brought. It is sufficient that he is ready and willing and offers to perform in his pleadings. Bateman v. Hopkins,157 N.C. 470. "The defendant's positively refusing to take the slave, Sam, at all, dispensed with the necessity of a tender of him at Hillsborough." Mobley v. Fossett, 20 N.C. 93, citing 2 Stark. on Evidence, 778.
A denial in one's pleading of the agreement sued upon constituted a waiver of tender in Martin v. Bank, 131 N.C. 121. In Smith v. Building Loan Asso., 119 N.C. 257, where a debtor stated that he had the money in the bank ready to pay, but creditor refused to receive it, it was held that the money need not be actually produced.
It is necessary that contracts, when entered into under circumstances as to import mature reflection before execution upon which the parties have a right to depend, should not be treated lightly. Unless there are such facts existent as will relieve the defendant from the performance of the instant contract, and if the jury shall find that the same has been at all times fully kept on the part of the plaintiff, and that, notwithstanding the defendant's conveyance of the locus in quo to other parties by deed of record during the 60 days, the plaintiff offered to perform on his part, and that such offer was coupled with his ability and readiness to perform, then the defendant has no just right to complain if he is required to satisfy such loss as plaintiff may have suffered on account of defendant's inability to perform said contract.
The sanctity of contracts and a certainty of their performance, or satisfaction in lieu thereof, form the basis of modern business transactions. Upon these, energy and property may be expended and thrift and prosperity encouraged and promoted. The law does not require that parties who are ready, able and willing to perform a contract which has mutual obligations arising out of the acceptance by the optionee, shall do useless and vain things in making tenders on their part when it is admitted that the maker of the option has voluntarily disabled himself so that performance on his part is no longer possible. He must be ready, able and willing, and must give timely notice thereof. No unfair advantage must be taken of the seller, whether he is able to perform specifically or not.
Therefore, we are constrained to hold that there was error in dismissing this action as upon nonsuit, and it is ordered that a new trial be had, and to that end, let the judgment be
Reversed. *Page 616