FLORENCE E. BOYD v. BRISTOL TYPEWRITER COMPANY.

(Filed 23 December, 1925.)

1. **Deeds and Conveyances—Registration—Trusts—Mortgages—Liens—Judgments—Priorities—Statutes.**

Where a deed of trust to secure certain bonds upon the lands has been duly registered, and contains the provisions that the lands may be sold in part by the trustor, and with the consent of the trustee who is to receive the purchase price and apply on the bonds secured by the instrument, one who has purchased a part of the lands and paid part of the purchase price to the trustee who has paid it on the secured bond but has not joined in the deed by trustor and the trust deed is uncanceled of record, the docketing of a judgment against the trustor before the party to whom trustor conveyed part of land without consent in writing of trustee—purchaser who paid the purchase price, is entitled to the relief sought in his suit, to have the judgment canceled to the extent that it is a cloud upon the title to his land thus conveyed to him. C. S., 614.

**2. Same—Title.**

> Where lands are conveyed to a trustee to secure mortgage notes thereon, with provision that with the consent of the trustee the lands may be sold in parcels and the proceeds applied to the mortgage notes: *Held*, the title remains in the trustee subject to the provisions in the deed, and the legal title remains in him under the trusts imposed by the instrument.

**3. Same—Parties—Judgments.**

> Where there is a .compliance with the conditions by the *cestui que trust* in the trust deed, the trustee, a party to the suit to remove the lien of a judgment as a cloud upon the title to lands, will be decreed when this remedy is appropriate.

APPEAL from *Stack, J.,* May Term, 1925, CALDWELL Superior Court, dissolving a restraining order. Reversed.

The parties agreed that the court below should find the facts, which are as follows: "That on 12 October, 1918, W. S. Whiting and wife executed a deed of trust to G. M. Sudderth, trustee to secure B. B. Dougherty and five others against any loss which they might sustain as accommodation endorsers on five promissory notes of $5,000 each bearing even date with the deed of trust, and being due and payable 12 February, 1919, said deed of trust being on two tracts of land; first tract containing 764 acres and second tract containing 1,002 acres, and that the average value of said land was $25.00 per acre. That said deed of trust was filed for registration 13 November, 1918, and is recorded in Watauga County in record of mortgages, marked 'W,' on pages 115 and 119 inclusive. That said deed of trust contains the following clause: 'Provided, that as said land is sold from time to time, with approval of said trustee, the proceeds shall be applied pro rata to the payment of said notes and the accrued interest thereon.' That none of the endorsers secured by said deed of trust ever paid out anything by reason of their said endorsement, and that the said indebtedness has been fully paid and satisfied. That the plaintiff, Florence E. Boyd, purchased a portion of the lands described in said deed of trust from W. S. Whiting and wife, a deed calling for 260⅓ acres at the price of $25.00 per acre. And W. S. Whiting and wife, Caroline L. Whiting, on 13 September, 1919, executed a deed to the plaintiff for said land, which was placed in escrow with G. M. Sudderth, trustee, to be delivered when the purchase price was paid, but she did not file the same for registration in Watauga County until 22 November, 1922, at which time it was filed for registration, and was registered in Book 30, page 261, and said deed was also filed for registration in Caldwell County on 12 July, 1923, and is recorded in Book 103, page 524. G. M. Sudderth did not join in said deed and the same was not sold by him under the power contained in the deed of trust, but the money paid to Sudderth, trustee, by Miss Boyd was

paid over by Sudderth on the notes secured by the deed in trust to him. That the defendant, Bristol Typewriter Company, obtained a judgment against W. S. Whiting, which was docketed 13 November, 1922, in the office of the clerk of the Superior Court of Watauga County, in Judgment Docket No. 3, page 47, the judgment being for the sum of $328.85, and with interest thereon from 1 September, 1921, and the costs. That the land covered by plaintiff's deed is located in Watauga County. That the plaintiff paid $1,000 cash, and paid $2,000 more, making a total of $3,000, on said purchase price before the registration of her deed and before the said judgment of defendant was docketed in the Superior Court of Watauga County, and she has paid the remaining $3,833.33 since the registration of her deed and since the docketing of the said judgment of the defendant against W. S. Whiting in Watauga County. That this plaintiff issued a summons in Caldwell Superior Court on 28 July, 1923, against W. S. Whiting and wife, Caroline Whiting, and G. M. Sudderth and Watauga County Bank, in which action there were two judgments rendered, one at August Term, 1923, and the other at November Term, 1923, as said judgments appear of record, which should be included in these findings of fact, but the defendant, Bristol Typewriter Company, was no party to said action. That W. S. Whiting was adjudged a bankrupt in the year 1924."

"Upon the foregoing facts I conclude that the plaintiff is not entitled to restrain the defendant from proceeding to sell the property embraced in her deed and that said judgment constitutes a valid lien against her land. It is, therefore, ordered and adjudged that the restraining order heretofore granted be dissolved; that the plaintiff is not entitled to recover and is not entitled to have the defendant's judgment canceled as a cloud upon the plaintiff's title; that said judgment is a valid lien against the property described in the deed from W. S. Whiting and wife to the plaintiff, and the sheriff is directed to proceed with the sale thereof for the purpose of satisfying the defendant's execution, and the plaintiff is adjudged to pay the cost of this action to be taxed by the clerk."

The attorneys, after the findings of Judge Stack, agreed as follows:

"In this cause it is stipulated and agreed: (1) The deed of trust of Whiting and wife to Sudderth, trustee, dated 12 October, 1918, referred to in the pleadings and findings of the court, was at the date of the institution of this action and now is uncanceled of record. (2) The sale of lands to plaintiff by Whiting and wife was with the approval of George M. Sudderth, trustee."

The plaintiff excepted, made the following assignments of error, and appealed to the Supreme Court:

"1. The error of the court in the conclusion that the plaintiff is not entitled to restrain the defendant from proceeding to sell the property embraced in her deed and that said judgment constitutes a valid lien against her land.

"2. The error in adjudging that the restraining order theretofore granted be dissolved:

"3. The error in adjudging that the plaintiff is not entitled to recover and is not entitled to have the defendant's judgment canceled as a cloud upon plaintiff's title.

"4. The error in adjudging that the said judgment is a valid lien against the property described in the deed from W. S. Whiting and wife to the plaintiff, and the sheriff is directed to proceed with the sale thereof for the purpose of satisfying the defendant's execution, and the plaintiff is adjudged to pay the cost of this action to be taxed by the clerk.

"5. The judgment rendered by the court."

*Squires & Whisnant for plaintiff.*
*V. B. Bowers and Hayes & Jones for defendant.*

CLARKSON, J. One of the most important acts ever enacted to quiet titles is known as the "Connor Act," passed in 1885, C. S., 3309, in part, is as follows: "No conveyance of land, or contract to convey, or lease of land for more than three years shall be valid to pass any property, as against creditors or purchasers for a valuable consideration, from the donor, bargainor or lessor, but from the registration thereof within the county where the land lies," etc.

C. S., 3311, is as follows: "No deed of trust or mortgage for real or personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor or mortgagor, but from the registration of such deed of trust or mortgage in the county where the land lies; or in case of personal estate, where the donor, bargainor or mortgagor resides; or in case the donor, bargainor or mortgagor resides out of the State, then in the county where the said personal estate, or some part of the same, is situated; or in case of choses in action, where the donee, bargainee or mortgagee resides. For the purposes mentioned in this section the principal place of business of a domestic corporation is its residence."

C. S., 614, in part, is as follows: "Upon filing a judgment roll upon a judgment affecting the title of real property, or directing in whole or in part the payment of money, it shall be docketed on the judgment docket of the Superior Court of the county where the judgment roll was filed, and may be docketed on the judgment docket of the Superior Court

of any other county upon the filing with the clerk thereof a transcript of the original docket, and is a lien on the real property in the county where the same is docketed of every person against whom any such judgment is rendered, and which he has at the time of the docketing thereof in the county in which such real property is situated, or which he acquires at any time thereafter, for ten years from the date of the rendition of the judgment," etc. The statutes quoted are the ones that concern us in this controversy.

W. S. Whiting owned 1766 acres of land in Watauga County of the average value of $25 an acre. On 12 October, 1918, W. S. Whiting and wife executed a deed of trust on this land to G. M. Sudderth, trustee, to secure B. B. Dougherty and five others as accommodation endorsers on five notes for $5,000 each. The deed in trust was recorded in the register of deeds office for Watauga County, 13 November, 1918.

W. S. Whiting and wife conveyed by deed to Florence E. Boyd, the plaintiff, on 13 September, 1919, at the price of $25 an acre, 260⅓ acres of the 1766 acres of land that the above lien was on. The deed to this land was recorded in Watauga County on 22 November, 1922.

The defendant obtained a judgment against W. S. Whiting, which was docketed in the Superior Court of Watauga County, 13 November, 1922, for the sum of $328.85 and interest.

Nothing else appearing, the judgment of defendant against W. S. Whiting having been docketed some nine days before the deed of Whiting to plaintiff would take priority over plaintiff's deed. *Eaton v. Doub, ante,* 14. This priority is given by virtue of the statutes before mentioned.

This Court has rigidly upheld the registration acts—a hard holding in the *Eaton case,* but necessary to the safe conduct of business. It makes no difference how full and formal the notice is, actual or otherwise, it will not supply the place of registration. *Trust Co. v. Sterchie,* 169 N. C., 21; *Davis v. Robinson,* 189 N. C., 601; *Saleeby v. Brown, ante,* 138; *Trust Co. v. Currie, ante,* 260.

The question now to be considered is whether those salutary cases can be differentiated from the present case. When W. S. Whiting and wife made the deed in trust to G. M. Sudderth, trustee, to secure Dougherty and others, the following provision was inserted in the trust deed: "Provided, that as said land is sold from time to time, with the approval of said trustee, the proceeds shall be applied pro rata to the payment of said notes and the accrued interest thereon." Whiting made a deed to plaintiff for 260⅓ acres for $25 an acre, on 13 September, 1919, part of the 1766 acres. This deed was placed in escrow with G. M. Sudderth, trustee. Sudderth was trustee in the deed in trust on the 1766 acres of land made by Whiting to secure Dougherty and the other endorsers. This

land had to be sold with the "approval" of Sudderth, the trustee. Sudderth did not join in the deed to plaintiff and the same was not sold at public sale under the power contained in the trust. The money that was paid on the land by plaintiff was paid to Sudderth who paid it on the notes Dougherty and others were endorsers on. Plaintiff paid Sudderth $1,000 in cash, later $2,000 more before the Whiting deed to plaintiff was registered. The balance of the purchase money, $3,833.33, was paid since the deed was registered and since the docketing of the judgment of defendant against Whiting. Whiting was adjudged a bankrupt in 1924. Dougherty and others paid nothing by reason of their endorsement, but the indebtedness the notes secured by deed in trust to Sudderth, trustee, have been fully paid and satisfied. The deed in trust by Whiting and wife to Sudderth, trustee, was at the date of the institution of this action and now is uncanceled of record. The sale of the land was with the approval of Sudderth, trustee.

In *Ijames v. Gaither,* 93 N. C., 361, it is held: "When a mortgage or deed of trust is registered upon a proper probate, it is held to have the effect of notice to all the world and attaches itself to the legal estate, and is notice to a subsequent purchaser from the mortgagor. *Flemming v. Burgin,* 2 Ired. Eq., 584; *Leggett v. Bullock,* Busb., 283; *Robinson v. Willoughby,* 70 N. C., 358." *Collins v. Davis,* 132 N. C., 106; *Dill v. Reynolds,* 186 N. C., 293; *Bank v. Smith,* 186 N. C., 642.

This brings us to construe the rights of the plaintiff under the proviso in the deed in trust from Whiting to Sudderth, trustee, to secure Dougherty and others. We think the clear language and intention was that when Whiting sold any of the land from time to time as expressed in the proviso, the money was to be applied on the Dougherty and others note, and this sale must be made with the approval of Sudderth, trustee. This approval, the clear intent, accepted and customary business methods in such cases, was for the trustee to join in the conveyance with Whiting to plaintiff, so she could obtain a good title free from the lien of the deed in trust—frequently the *cestui que trust.* Dougherty, the other endorsers, and any that hold the notes join in. In the present case, the power is given Sudderth, the trustee—his approval.

A conveyance of an interest in land must be in writing. Sudderth, trustee, received the purchase price, applied it in accordance with the proviso in the deed in trust, but has failed to carry out the further trust to join in the Whiting deed to plaintiff and convey the land for which he received the purchase money. Defendant had record notice that this deed in trust, with the proviso in it, was uncanceled of record. In a court of equity—a court of conscience, where justice is administered—Sudderth, trustee, had plaintiff's money under the terms of the trust—$3,000 purchase money—before defendant's judgment was taken.

In the present case, the real transaction—the purchase of the land—was through Sudderth, trustee. He received the purchase money and, under the proviso, applied it on the Dougherty and others notes, but has failed to make title to plaintiff. The defendant, under the proviso, and the facts and circumstances of this case, had the mere naked title. The transaction was all in good faith.

In *Johnston v. Lemond,* 109 N. C., p. 651, under similar facts, *Merrimon, C. J.,* said: "He did not, and could not under the circumstances, buy it from the mortgagor—he could only buy it effectually from the mortgagee, and that he did, because the latter gave his assent and his consent to the arrangement as effectually as if he had originated it. If the title had revested in the mortgagor under misapprehension, it might be that the lien of the docketed judgment would have attached, as contended by the plaintiff. But there was no evidence to prove that it did revest for an instant, or at all."

We do not think the case of *Tarboro v. Micks,* 118 N. C., 162, applicable here. In that case the mortgage was canceled of record. The proviso in the deed of trust in the present case made the trustee practically the vendor. The money was paid by plaintiff, not to the debtor Whiting, but to the trustee, Sudderth. Plaintiff could not get a title except through Sudderth. Nor are the other cases cited by defendant applicable under the facts here: *Bostic v. Young,* 116 N. C., 766; *Journal Publishing Co. v. Barber,* 165 N. C., 478; *Realty Co. v. Carter,* 170 N. C., 5; *Joyner v. Reflector Co.,* 176 N. C., 274.

Sudderth, trustee, under the proviso, in consideration of having received the $3,000 purchase money must convey and release the title he has to plaintiff and her heirs and assigns. We cannot see how the subsequent payments, balance of purchase money paid on the land, under the findings of fact, enures to the benefit of defendant. After the trustee conveys to plaintiff, as his trust will then be completed, the deed in trust should be canceled. Defendant's judgment being a cloud on plaintiff's title, should be canceled so far as plaintiff is concerned.

It appears from the record that the findings of fact by the judge below are taken from certain judgments that show that Sudderth, the trustee, is a party to the action. In conformity to this opinion, he is required to make title as herein set forth, and defendant is ordered to cancel its judgment so far as plaintiff's title is involved—same being a cloud on the title. It may be noted that a material finding of fact by consent was added after the learned judge in the court below rendered his decision.

The judgment below is

Reversed.