HERMAN NEWBERN v. C. R. PUGH ET AL.

(Filed 22 September, 1943.)

**Contracts § 4—**

> Acceptance must be unqualified and in the terms of the offer; otherwise no contract results.

APPEAL by plaintiff from *Bone, J.,* at March Term, 1943, of PASQUOTANK.

Civil action to. recover damages for alleged breach of contract or option to sell the "Pugh" house and lot in Elizabeth City.

From judgment of nonsuit entered upon consideration of all the evidence, the plaintiff appeals, assigning errors.

*J. W. Jennette and R. Clarence Dozier for plaintiff, appellant.*

*J. Henry LeRoy for defendants, appellees.*

PER CURIAM. A careful perusal of the record fails to disclose any consummated contract upon which the plaintiff predicates his right of action. The plaintiff did not "sign the papers," as he was required to do by defendant's letter of 6 February, 1942, but returned them for modification, giving as his reason that the option "would be without effect" unless the defendant's husband joined in the agreement. The defendant then sold the property to another.

The case is not like *McAden v. Craig,* 222 N. C., 497, 24 S. E. (2d), 1, or *Samonds v. Cloninger,* 189 N. C., 610, 127 S. E., 706. It is more nearly in line with *Richardson v. Warehouse and Storage Co., ante,* 344, herewith decided.

Affirmed.