VOLNEY ELVINGTON v. WACCAMAW SHINGLE COMPANY, JOHN F. McNAIR, J. J. McKAY, ET ALS.

(Filed 1 April, 1925.)

**Deeds and Conveyances — Contracts — Timber — Extension Periods— Tender—Payment—Determinable Rights.**

Where the right to cut and remove timber growing upon land is given upon consideration for a period of years, with right of grantee to continue thereafter to do so as to the remaining uncut timber by paying interest upon the original purchase price, from year to year, for an additional time, time for the tender or payment of the yearly interest for the continuance of the yearly right is ordinarily of the essence of the contract, and it should be tendered or paid by the grantee before the termination of the first period, or before the beginning of each successive year thereafter, or the grantee will lose his right.

ADAMS, J., not sitting.

APPEAL by plaintiff from *Grady, J.,* refusing a permanent restraining order, heard at September Term, 1924, of BRUNSWICK.

*E. H. Smith and Robert W. Davis for plaintiff.*
*C. Ed. Taylor and John D. Bellamy & Son for defendants.*

CLARKSON, J. This was an action to perpetually restrain defendants from cutting timber on a tract of land. The timber rights were purchased by defendants from W. C. Manning, trustee. Manning, trustee, purchased from the plaintiff. The plaintiff alleged that the defendants' contract had expired on 7 May, 1922. The defendants were temporarily restrained until the hearing. The contract was dated 7 May, 1912, and gave the grantee, W. C. Manning, trustee, and his assigns, ten years from said date to cut and remove the timber, and this clause of the extension was inserted in the contract: "And should the said W. C. Manning, trustee, his heirs, successors or assigns fail to cut and remove the said timber herein conveyed during the said term of ten years, then said W. C. Manning, trustee, his heirs, successors or assigns shall have an additional term of five years, or so much thereof as he or they may desire from the date of the expiration of this deed, by paying annually to said V. Elvington, his heirs or assigns, six per cent of the purchase money herein mentioned."

The admitted facts, as found by the court below, are as follows: "And the plaintiff having introduced in evidence the original contract of sale of timber by plaintiff to defendants' vendor, recorded in Book 18, page 54, bearing date of 7 May, 1912; and it being admitted that the defendants made legal tender of the sum of money required in the contract for extension privilege on 10 May, 1922; and that defendants did

not give notice that they would avail themselves of the extension prior to 10 May, 1922; and it further being admitted that there was no cutting of the timber by defendants on said lands between 7 May and 10 May, 1922; and the court being of the opinion, finds that the tender of $126.00 on 10 May, 1922, by defendants was within the proper time, under the contract, to gain an extension privilege, and that the refusal to extend the cutting privilege by plaintiff was wrongful and unlawful."

From the judgment of the court below plaintiff duly excepted and appealed to the Supreme Court.

The contention of plaintiff is: "The correct interpretation of the contract requires that, on or before the expiration of the period of ten years, the grantees claiming the privilege should notify the owner of the property and tender the stipulated amount. The plaintiff, appellant, was bound, if proper notice or tender had been made on or before 7 May, 1922, to extend the time in accordance with the contract, while the defendants, appellees, were not bound to avail themselves of the extension privilege."

The plaintiff relies on *Bateman v. Lumber Co.*, 154 N. C., p. 248, and we think it decisive of this case. The contract in the *Bateman case* is as follows: "That the parties shall have two years in which to cut and remove the timber, and in the event they do not get it off in that time, they shall have one year's time thereafter in which to remove the same, by paying to the party of the first part interest on the purchase money for said extension of time."

*Hoke, J.,* in the *Bateman case,* said: "We have held in many recent decisions that deeds of this character by correct interpretation convey to the grantees an estate in fee in the timber, determinable as to all of the timber not cut and removed within the stipulated period (citing numerous cases). . . . The provision in question, conferring as it does a privilege, and unilateral in its obligation, partakes to some extent of the nature of an option, in which time is ordinarily of the essence, and the accepted doctrine in reference to this and other instruments containing the same and similar language is that they should be strictly construed" (citing numerous cases).

In the *Bateman case* the Court held that, "By correct interpretation requires that on or before the expiration of the special period of two years the grantees claiming the privilege should notify the owner of the property and tender the stipulated amount."

The fact that the payment should be made "annually," as in the present case, does not militate against the rule laid down in the *Bateman case*. It was the duty of the defendants to notify the plaintiff and tender the stipulated amount for one year before the option, or privilege, expired on 7 May, 1922. Having failed to do this, the privilege, or option, was at an end.

*Stacy, J.* (now *C. J.*), in *Dill v. Reynolds,* 186 N. C., p. 296, said: "The original consideration for that deed gave the grantee and his assigns the right to cut the timber for a term of ten years, and also the right to extend that term from year to year for an additional period of ten years upon the yearly *request* and *payment* of the stipulated annual extension price. *Bangert v. Lumber Co.,* 169 N. C., 628."

The decision in the *Bateman case* was cited in the *Dill case,* and has been cited on this and other aspects some twenty times.

The judgment of the court below is
Reversed.

ADAMS, J., not sitting.